## WILLIAM W. REYNOLDS *et al.*
### *v.*
## JOHN N. McMILLAN.

1. ATTORNEY'S FEE—*allowance for, in decree.* Under the statute in a suit for partition or the assignment of dower, when no defense is set up, the court is authorized to order the payment of a reasonable attorney's fee.

2. In fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services, where contracts have been made with persons competent to contract, and not what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge.

3. In determining the amount of such fee it is not merely the value of the estate partitioned, but the services performed, which should form the basis of remuneration. An attorney's fee of $1000 in this case was held unreasonable.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

Mr. J. H. YAGER, for the plaintiffs in error.

Mr. JOHN I. RINIKER, for the defendant in error.

Per CURIAM : We are of opinion that the proceedings in this case were amicable, and that the allowance of a solicitor's fee is not prohibited by any rule laid down in *Kilgour* v. *Crawford*, 51 Ill. 250. The infants were duly in court, and made no opposition to the prayer for partition. The statute gives to the circuit court the power to order a reasonable fee in all cases for partition or the assignment of dower, where there is no contest. The defendants below have the benefit of the partition, as well as the complainants, and should bear a just proportion of the costs.

But we do not think that the fee is reasonable for the services rendered, or that the mode of ascertaining it was a proper one, so far as is disclosed by the record.

Proceedings in partition are simple and require no great legal skill, but merely the ordinary attainments of a good clerk, and the exercise of reasonable care. All the labor rendered in this case was of a clerical character, and might have been performed in one day. For such services the sum of $1000 is largely in excess of a reasonable compensation. It is not merely the value of the estate partitioned, but the services performed, which should form the basis of remuneration.

In fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services where contracts have been made with persons competent to contract, and not what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge.

Infants are the peculiar care of chancery, and courts should not hesitate to protect them against exorbitant fees.

The decree, as to the allowance of a solicitor's fee of $1000, is reversed and the cause remanded.

*Decree reversed.*