## D. W. HOUSTON, *et al.*, v. M. W. DELAHAY.

PLEADING; *Joinder of Causes of Action; Demurrer.* A. entered into a written contract to do certain work. A., B. and C. entered into an undertaking conditioned for the faithful performance by A. of such contract. A. defaulted in the contract. A petition was filed alleging in separate counts the making of the contract and different breaches thereof, and showing damages exceeding the amount of the undertaking. It also alleged, in another count, which referred to and made all the other counts part of it, the execution of the undertaking, and closed with a prayer for judgment for the amount of the undertaking. A demurrer was filed by B. and C. on account of improper joinder of causes of action, which was overruled: *Held*, no error, or at least none of which B. and C. could avail themselves in this court.

### *Error from Leavenworth District Court.*

ACTION brought by *Delahay* as plaintiff, against J. P. Taggart, *D. W. Houston* and *J. I. Larimer. Houston* and *Larimer* demurred to the petition. The district court, at the May Term 1874, overruled the demurrer, and from this decision *H.* and *L.* appeal, and bring the case here on error. The only question here is one of pleading, and the opinion states all the necessary facts.

*F. P. Fitzwilliam*, for plaintiffs in error:

1. Two causes of action have been improperly joined in the petition. Sec. 39 of the code provides that "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff." The obligation of Taggart is primary and absolute, and that of the other defendants secondary and conditional. The covenant of the principal, and the covenant of the guarantor, are not "the same obligation or instrument." Neither of the "instruments" set up in the petition is a bill or promissory note. They are both specialties. Nor are they one and the "same instrument or obligation." They are different instru-

ments, and each expresses an obligation different from the other. At common law, the holder of a promissory note or bill of exchange could not unite in the same action the maker and indorser, or guarantor, drawer and acceptor. Nor when a covenant was entered into by two or more, *severally*, and not jointly, a joint action against them could not be maintained; 1 East, 226. So also, at common law, when the contract was *joint and several*, the plaintiff must sue each separately or all together; 1 Chitty Pl., 30; 3 T. R., 782. No case can be found, which holds that at common law a joint action could be maintained against the *principal* and *guarantor*, when the obligation was created by different instruments. Hence it has been held that § 39 of our code does not authorize the joinder of a person liable as a mere guarantor, with the principal, though the guaranty was executed on the same day, and on the same piece of paper; 10 Barb., 638; 2 Duer, 626; 13 Allen, 19; 10 Iowa, 226; 8 Mo., 467; 24 Barb., 39; 4 E. D. Smith, 379. And it is now well settled that a *joint* action against a principal debtor and his guarantor, by a separate and independent instrument, will not lie; 11 How. Pr., 218; 28 How., 230; 8 N. Y., 207, 215; 34 Miss., 412; 13 Minn., 379.

2. Sec. 83 of the code provides for uniting several causes of action in the same petition, where they all arise out of one of the following classes: "*First*, The same transaction or transactions, connected with the same subject of action; but the causes of action so united, must all belong to one of these classes, and *must affect all the* parties to the action." According to the New York decisions, the courts have been disposed to restrict rather than extend the operations of the first clause of the section. Thus it was held that "the transaction or transactions connected with the same subject of action," had reference to such causes of action as are *consistent with each other*, not such as are *contradictory;* and it was accordingly held that the plaintiff could not join in his complaint a claim to recover the possession of real estate, and damages for withholding the same, with a claim for damages for obstructing

and injuring the plaintiff in the use of his property. 8 How. Pr., 73; 9 How. Pr., 113; 4 Sandf., 31; 24 Barb., 39; 4 E. D. Smith, 379; 2 Hill, 188; 1 Wend., 105. In *LeRoy v. Shaw*, 2 Duer, 626, it was held that the action was improperly brought against the original debtor and his guarantor, and the rule under the code was considered to be, that "persons severally liable cannot be prosecuted together, unless they are severally liable as parties to a written contract or obligation on which the names of both appear as contracting parties."

The causes of action arising on the contract between Delahay and Taggart, cannot be united in the petition with the cause of action on the undertaking, because each cause does not affect all the parties to the action: that is, they must all exist in the same right, in favor of the plaintiff and against all the defendants. 15 How. Pr., 85; 25 Barb., 469; 3 Barb., 157. Different rights of action, therefore, existing in favor of the plaintiff, but not existing against all the defendants, cannot be joined though belonging to one only of the several classes enumerated in the 83d section of the code. 11 Barb., 638; 2 Duer, 626; 8 How. Pr., 520; 14 Barb., 114.

The plaintiff has a right of action on either written contract; but if separate actions were commenced, could they be consolidated into one action?

*J. W. English*, for defendant in error:

The only error claimed to be in this record is, that the petition improperly joins two causes of action — first, against Taggart, for breach of his contract, and second, against Taggart, Houston and Larimer, for breach of their undertaking. To sustain this view, plaintiff in error claims the undertaking is merely a guaranty, and not a general security for compliance with contract, and that the undertaking of Houston and Larimer was separate from that of Taggart, while in fact the obligation or undertaking was jointly executed by Houston, Larimer and Taggart, and refers to Taggart's contract with Delahay, and made both the contract and specifica-

tion part of the undertaking, thereby stipulating in the broadest terms possible that said Taggart should in all respects comply with said contract and specifications. Said undertaking is joint and several in its terms, and this suit is such an one as could, at common law, be brought and maintained as an action on the undertaking alone.

The civil code, §§ 83 and 39, clearly brings this case between the class of cases contemplated by that law, since it is in regard to the same transaction, and affects all the parties to the action; 8 Ohio St., 216; Nash Pl., ch. 97. The cases which seem to be relied on by plaintiff in error, as sustaining his position as to the shape of the petition as a pleading, it seems to me have no application to the case at bar, (2 Duer, 626,) for the court sustained a demurrer to the petition because it did not appear that the promise to pay the debt of another was in writing, as required by the statute of frauds; also, because the liability of the two parties defendant was not joint. While in this case all the defendants signed the same undertaking, and declare themselves jointly and severally liable thereon.

It is not necessary that several causes of action should affect all the parties equally. It is sufficient if they affect all, though in unequal degrees: (15 How. Pr., 383.) In this case Larimer and Houston are sureties for Taggart on a joint undertaking, and therefore all are affected, and suit properly instituted.

The opinion of the court was delivered by

BREWER, J.: It appears from the petition filed in this case, that one J. P. Taggart contracted in writing with defendant in error to erect and complete certain buildings within a stipulated time; that said Taggart and plaintiffs in error entered into a written undertaking with defendant in error, obligating that said Taggart should fully perform all the terms and conditions of said contract. The condition of such undertaking was as follows:

"The condition of this undertaking is such, that whereas,

said J. P. Taggart has entered into a written contract with said Mark W. Delahay, dated the 12th of May, 1873, but actually executed on the day of the date of this undertaking, for the erection of three dwelling-houses in the said city of Leavenworth: Now, therefore, if the said J. P. Taggart shall fully perform all the terms and conditions of said contract, to be by him performed, and according to the plans and specifications attached to said contract, then this undertaking shall become null and void, otherwise the same shall be and remain in full force and effect," etc.

The petition sets out both the contract and the undertaking, alleging that Taggart failed to comply with his contract, and asks a judgment against all the signers of the undertaking for the damages sustained by this failure. To this petition Houston and Larimer separately demurred, first, upon the ground that there is an improper joinder of causes of action, one being a cause of action to recover damages for breach of contract, and another being upon a written undertaking to answer for the default of Taggart; second, that the petition does not state facts sufficient to constitute a cause of action against Houston and Larimer. The demurrers were overruled, and this ruling presents the only question in the case.

The proposition of counsel is that the "obligation of Taggart is primary and absolute, and that of the other defendants secondary and conditional;" that they are created by separate instruments, that of Taggart by the contract, and that of the others by the undertaking, and that these separate causes of action do not affect all the parties. We are disposed to think this is not the correct view to be taken of this case. The pleader, it is true, in setting out the contract and the breach of it, sets out a cause of action against Taggart, and against Taggart alone — a cause of action not limited in amount by the penalty of the undertaking, but extending to the full damages resulting from such breach. But this statement, it seems to us, is preliminary, and for the purpose of showing a default in the condition of the undertaking. All signed the undertaking, and all therefore assumed the

obligations created by it. The condition of the undertaking is the performance by Taggart of his contract. Without default in this, no one is liable on the undertaking. With it, all are. This default was alleged in the petition, and it matters not that in alleging it a cause of action is shown against Taggart for breach of his separate contract. Indeed, it could not be otherwise, for if Taggart defaulted in his contract, he was liable to an action for damages caused thereby. If he did not default, there was no liability on the undertaking. No liability could be shown on the undertaking without showing the default of Taggart, and the default of Taggart could not be shown without showing a cause of action against him. All that is claimed in the prayer of the petition is, the amount of the undertaking, while the damages alleged to have been sustained by the different breaches of the contract greatly exceed that amount. It is true that the pleader, in commencing the several statements of the different breaches, and of the execution of the undertaking, says, "and for a further cause of action," etc.; but we must have regard more to the substance of the petition than to the mere form of statement. Suppose the demurrer had been sustained: under § 92 of the code, the court would have been compelled to permit the plaintiff to have filed a petition with one count, and showing a cause of action on the undertaking. To accomplish this, the only change necessary would have been to omit these preliminary words which introduce, as it were, the several statements of the breaches, and of the execution of the undertaking. That this was not done, cannot have wrought any injury to the substantial rights of the plaintiffs in error; so that, though the court might have, strictly speaking, erred in its construction of the pleading, the judgment would have to be affirmed.

The judgment will be affirmed.

All the Justices concurring.