Moses Briggs vs. Joseph B. McDonald & another.

Suffolk.   January 16, 1896. — April 29, 1896.

Present: Field, C. J., Allen, Holmes, Lathrop, & Barker, JJ.

*Indemnity Bond — Officer — Action — Estoppel — Negligence — Principal and Surety — Judgment — Damages.*

An action may be maintained upon a bond given to indemnify an officer against loss arising from attaching certain property, without first paying a judgment recovered against him by a mortgagee of the property in an action for its conversion.

The obligors in a bond given to indemnify an officer against loss arising from attaching certain property are bound by the recital therein that he had attached the property.

From the sum which otherwise would be recoverable in an action upon a bond given to indemnify an officer against loss arising from attaching certain property, there should be deducted the amount of a loss attributable to the negligence of the officer in the care of the attached property, not assented to by the principal or his surety in the bond.

If the plaintiff in an action in which property is attached gives a bond of indemnity to the attaching officer, who, at his request, appoints him as keeper of the property, the latter is not entitled, in an action upon the bond, to a deduction from the sum otherwise recoverable, on account of a loss occasioned to the property by his own negligence as keeper; but the surety in the bond is entitled to such deduction.

Where, after the giving of a bond to indemnify an officer against loss resulting from making an attachment of property, an equity arises in favor of the surety from acts of the obligee which create no equity in favor of the principal, in an action upon the bond separate judgments may be entered against the obligors under Pub. Sts. c. 167, § 4.

The omission of an officer, who is the obligee in a bond given to indemnify him against loss resulting from making an attachment of property, to pay a judgment recovered against him by a mortgagee of the property in an action for its conversion, is not to be considered in reduction of damages in an action upon the bond.

Contract, upon a bond in the sum of $5,000, executed by the first named defendant as principal, and by the other as surety, the condition of which was that, whereas the plaintiff, as a deputy sheriff, by virtue of a writ in favor of the defendant McDonald against certain persons doing business under the name of Carr Brothers, had, at McDonald's request, attached certain personal property, McDonald, his heirs, executors, or administrators, should indemnify and save harmless the plaintiff, his heirs,

executors, and administrators, " of and from all suits, damages, and costs whatsoever, whereunto he or they or any of them may be liable or obliged by law to pay to any person or persons by reason of the said attachment, or of any further intermeddling of " the plaintiff " with said personal property by virtue of said process."

In the Superior Court, judgment was entered for the penal sum of the bond, and the case was sent to an assessor to determine the amount for which execution should issue. The assessor made his report, finding that there was due from the defendants to the plaintiff the penal sum of the bond, with interest from the date of the writ. *Mason,* C. J. confirmed the finding of the assessor; ordered that execution issue for the sum so found to be due ; and, by agreement of the parties, reported the case for the determination of this court. If the finding and order were erroneous, execution was to be ordered for such sum, if any, as equity and good conscience required. The facts appear in the opinion.

*Samuel Hoar,* (*M. T. Allen* with him,) for the defendants.

*S. H. Tyng,* for the plaintiff.

ALLEN, J. The original plaintiff, Briggs, being a deputy sheriff, had in his hands a writ for service in favor of McDonald against Carr Brothers, and at McDonald's request attached certain personal property thereon of the value of $4,870.79, and took a bond of indemnity from McDonald with a surety, and put the property in charge of McDonald as keeper. This property was subject to two mortgages, one in favor of Jane Carr and the other in favor of James H. Carr, both of whom afterwards brought actions against Briggs for the conversion of their mortgaged property, and recovered judgments therein on March 7, 1892, amounting together to $5,325.84. Briggs and McDonald were both negligent in the care of the property, and it would seem that there was a waste or loss; but it did not appear what was the value of the property on hand at the date of the recovery of the judgments, or of Briggs's death, which occurred on September 17, 1892. It did appear, however, that at the time of the hearing before the assessor the value of such of the attached articles as then remained was, at the time of the attachment, $3,000. An executrix of Briggs's will was

appointed, and neither Briggs nor the executrix has paid anything on the judgments against him. This action was brought in the name of Briggs in his lifetime against the principal and surety in the bond of indemnity, for the benefit of Jane Carr and James H. Carr, to whom Briggs had assigned the bond; and the action is now prosecuted in the name of the executrix.

It is plain that an action may be maintained upon the bond without first paying the judgments against Briggs. *Cook* v. *Merrifield*, 139 Mass. 139. In that case, no question was considered as to the amount for which execution should issue.

It is objected that the attachment was invalid for want of a sufficient return. But the obligors in the bond are bound by the recital therein that Briggs had attached the goods. *Cutler* v. *Dickinson*, 8 Pick. 386.

The other questions relate to the amount for which execution should issue. This is to be for so much of the penal sum as is due and payable in equity and good conscience. Pub. Sts. c. 171, § 10.

It appears that both Briggs and his keeper were negligent in the care of the attached property. It was the duty of the officer to exercise care and diligence in order to preserve the property, and it seems that there was some loss which was attributable to his own negligence in this respect. For such loss, occasioned by his independent negligence, not assented to by McDonald or his surety, he could have no remedy on the bond against either the principal or the surety. It was a loss occasioned by his own failure to perform his duty. From the sum which otherwise would be recoverable upon the bond, there should be deducted whatever was lost by the negligence of the officer. See *Wiggin* v. *Atkins*, 136 Mass. 292.

There was a further loss, it would seem, which was attributable to the negligence of McDonald as keeper. McDonald was the plaintiff in the action in which the attachment was made, and by his request Briggs appointed him as keeper of the attached property. If Briggs had selected some third person as keeper, he would have been responsible for his negligence or misconduct, since the keeper is merely the servant of the officer. *Parrott* v. *Dearborn,* 104 Mass. 104. *Robinson* v. *Besarick*, 156 Mass. 141. But where the plaintiff in the action him-

self selects the keeper, or where he is himself appointed, he cannot hold the officer responsible. *Donham* v. *Wild,* 19 Pick. 520. So far as McDonald is concerned, therefore, the loss occasioned by his own negligence as keeper cannot be availed of in defence.

In respect to the surety, the case stands differently. If the surety had executed a separate obligation to indemnify the officer against loss resulting from the making of the attachment, this defence would be open, because as to the surety the negligence of the officer's keeper would be the same thing as the negligence of the officer himself. There is nothing to show that the surety assented to the appointment of the keeper, or even knew of it. It was no part of the condition of the bond to indemnify Briggs against loss occasioned by the negligence of a keeper who might be appointed by him. So far as the equities of the surety are concerned, the fact that McDonald was keeper, instead of some third person, makes no difference. As keeper, McDonald was the servant of Briggs, and the surety did not undertake to become responsible to Briggs for the negligence of Briggs's servant. This would be quite plain if the obligation of the surety were expressed in a separate instrument.

But it is contended by the plaintiff that this defence is not open to the surety, because there can be but one judgment and one execution, which must be for the same amount against both parties. By Pub. Sts. c. 167, § 4, when persons are severally liable upon contracts in writing, "the court shall take such order for the separate trial of the issues as shall be found most convenient, and shall enter several judgments according to the several contracts of the defendants, and issue one or more executions, as the case may require." This provision of statute is applicable to the present case. The bond in suit was joint and several. It was held in *Hawkes* v. *Phillips,* 7 Gray, 284, 287, that the similar statute then in force applied to a case where parties were jointly and severally liable on a note. In *Grocers' Bank* v. *Kingman,* 16 Gray, 473, the same statute was held to be applicable to an action against the principal and sureties on a cashier's bond, by the terms of which the principal was bound in one sum, and the sureties in various different sums. In many cases, the liability of a surety upon a bond is fixed by that of

the principal. But where, after the giving of a bond, an equity arises in favor of the surety from acts of the oblignee which create no equity in favor of the principal, there is no rule of law which makes it necessary to disregard such equity, and the statute above cited enables the court to issue separate executions as justice may require.

The surety therefore is entitled to a deduction of whatever loss may have occurred through the negligence of the officer or of his keeper, not assented to by him.

The defendants further contend that the omission of Briggs to pay the judgments against him should be considered in reduction of damages. The strength of the argument in support of this view appears to us to be as follows. If Briggs had paid the judgments against him, the title to the goods attached would have vested in him, but the title did not become vested in him by the mere entry of the judgments against him. *Miller* v. *Hyde,* 161 Mass. 472. If the title were in Briggs, then in an action on the bond he would be bound to account for the value of the goods. It follows that, if he had paid the judgments, he would be bound to account for the value of the goods, the title to which vested in him; and his failure to pay the judgments does not increase the damages which he can recover in an action on the bond. His duty was to do what he could to preserve the property, and thus to keep down the liability of the obligors in the bond.

This argument is certainly of force, but it seems to us to be met by a consideration of the respective positions of the parties after the recovery of the judgments against Briggs. It was then judicially determined that the attachment was wrongful, as against the mortgagees of the property, and that they were entitled to the property. The very situation had arisen in which Briggs was entitled to be protected by the obligors in his bond. Where such a bond of indemnity is taken, it is not contemplated by the parties that the officer shall be bound to raise money to pay the full value of the property in case it shall appear that somebody else is entitled to it. The very purpose of the bond is to place the obligors in his shoes; and when judgment is rendered against him for the act against which they have undertaken to indemnify him, it is their duty to step in and satisfy

that judgment, to the extent of the penal sum in the bond. This is what the defendants undertook to do; and if they had done it, upon the payment of the judgments by McDonald or by his surety the title to the goods attached would have vested in the one so paying, in like manner as it would have vested in Briggs if he had paid them himself. *Howard* v. *Smith*, 12 Pick. 202, 205. As between them and Briggs, it was their duty, at least to the amount of the bond, to raise the money to protect him from the judgments; and they would have rights in the property corresponding with the sum paid by them. Briggs did not owe it as a duty to these defendants to raise the money to pay the judgments, in order to protect them against loss. They could have secured the same protection if they had raised the money themselves.

In *White* v. *French*, 15 Gray, 339, which bears some resemblance to the present case, it did not appear what became of the attached property, and it was not contended that the title to it had vested in the plaintiff, or that the amount of damages recoverable was affected by any such consideration. The precise point presented here was not raised there.

The result is, that the amount of damages recoverable against each of the defendants must be determined in view of the principles and rules above laid down.     *So ordered.*