## Herman Nathan, Adm., etc., v. Virgil M. Brand.

1. ATTORNEY'S FEES—*When Amount of Ground for Interference by Court of Review.*—A court of appeal will not reverse a decree on account of the allowance of an attorney's fee, if the allowance be justifiable under the evidence and permissible by the contract, unless it be such as the court itself knows to be exorbitant and oppressive.

2. WORDS AND PHRASES—"*Reasonable.*"—Proof that a fee is usual, ordinary and customary is evidence that it is "reasonable;" and the best evidence, many times, of what is reasonable, is what is usual and customary.

Bill, to foreclose trust deed. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

WILLIAMS & KRAFT, attorneys for appellant.

JOHN S. COOK, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a decree of sale, entered in a suit brought by the appellee to foreclose a trust deed in the nature of a mortgage, made by appellant's intestate to secure payment of his certain promissory notes for the principal sum of $10,000.

The decree found that there was due at the date of its entry the sum of $13,513.33, in which amount was included $500 for solicitor's fees.

The assigned excessiveness of such solicitor's fees is the main ground urged for a reversal of the decree.

Concerning solicitor's fees, the trust deed contained two separate provisions; one, that in case of a decree of sale being obtained, there should, out of the proceeds of sale, be first paid the costs of suit, etc., including, etc., "and reasonable attorney's and solicitor's fees," etc.; and the other, "that said grantors shall pay all costs and attorney's

Nathan v. Brand.

fees incurred or paid by said grantee, or the holder or holders of said notes, in any suit in which either of them may be plaintiff or defendant, by reason of being a party to this trust deed, or a holder of said notes, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises and taken out of the proceeds of any sale thereof."

The master, to whom the cause was referred, found and reported that $500 was a "usual, reasonable and customary fee for the services rendered by the complainant's solicitor in this proceeding," and that the complainant had a lien for said sum of $500 for his solicitor's fees, and was entitled to be paid the same out of the proceeds of the sale of the premises, and decree was entered accordingly.

One phase of appellant's argument is that because the only attorney who testified as to solicitor's fees, answered to the question of what the "usual, ordinary and customary" fee was for services in like proceedings, there was no evidence of what was a "reasonable" fee within the meaning of the contract between the parties to the trust deed.

The best evidence, many times, of what is a reasonable fee, is what is a usual and customary one. Reynolds v. McMillan, 63 Ill. 46; Casler v. Byers, 129 Ill. 657; L. N. A. & C. Ry. Co. v. Wallace, 136 Ill. 87.

We think, also, that if appellant had desired to object to the question because of its form, he should have done so at the time, when it could have been easily remedied. The objection he interposed was, that it was incompetent and immaterial, and it was properly overruled.

That the witness, upon cross-examination, was led to state a percentage basis as a means of arriving at what was usual and customary, and that such a basis, applied to the case at bar, would make a considerably less sum than $500, might have, perhaps, justified the master in allowing a less sum than $500 if appellant had introduced any evidence of a less sum being either customary or reasonable; but as he chose not to offer any evidence on the subject, we can not say the master was not justified in allowing the sum that the wit-

ness testified was a customary fee in foreclosure suits involving upwards of $13,000.

Full indemnity is all that a mortgagee has a right to claim against the mortgagor, and the writer of this opinion takes the liberty to refer to what he said upon that subject in his separate opinion in Stone v. Billings, 63 Ill. App., at page 374, *et seq.* What has the mortgagee paid or incurred to pay, and is it usual and customary, ought, in the opinion of the writer, to be all that equity will permit a mortgagee to exact from a mortgagor, notwithstanding the provisions of their agreement.

But I do not understand any case to go so far as to hold that in the absence of an allowance that the court itself will know to be exorbitant and oppressive, a decree should be reversed if the allowance be justifiable under the evidence and permissible by the contract.

The decree of the Superior Court is affirmed.