HERMAN NATHAN, Admr.

*v.*

VIRGIL M. BRAND.

*Filed at Ottawa June 23, 1897—Rehearing denied October 12, 1897.*

1. SOLICITORS' FEES—*when complainant in foreclosure may have an allowance for solicitor's fee.* Where a mortgage provides for the allowance of a reasonable solicitor's fee in the event of foreclosure, the complainant is entitled, in the absence of evidence showing an express contract between him and his solicitor as to the amount of such fee, to have an allowance of a reasonable amount under the provision of the mortgage.

2. SAME—*in determining what is a reasonable fee proof of the usual charge is proper.* To aid in determining what would be a *reasonable*

solicitor's fee for certain services, proof may be introduced as to what is the usual and customary price charged by solicitors for similar services.

3. SAME—*when allowance will be sustained.* An allowance of $500 as a solicitor's fee for foreclosing a mortgage securing an indebtedness of $10,000, under a provision in the mortgage for the allowance of a reasonable solicitor's fee in the event of foreclosure, will be sustained, where the complainant's evidence is that such sum is the usual and customary charge for similar services, and there is no evidence that it is excessive.

*Nathan* v. *Brand*, 67 Ill. App. 540, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

The following statement of the case is taken from the opinion of the Appellate Court:

"This appeal is from a decree of sale entered in a suit brought by the appellee to foreclose a trust deed in the nature of a mortgage, made by appellant's intestate, to secure payment of his certain promissory notes for the principal sum of $10,000. The decree found that there was due at the date of its entry the sum of $13,513.33, in which amount was included $500 for solicitor's fees. The assigned excessiveness of such solicitor's fees is the main ground urged for a reversal of the decree.

"Concerning solicitor's fees the trust deed contained two separate provisions: one, that in case of a decree of sale being obtained there should, out of the proceeds of sale, be first paid the costs of suit, etc., including, etc., 'and reasonable dollars attorney's and solicitor's fees,' etc.; and the other, 'that said grantors shall pay all costs and attorney's fees incurred or paid by said grantee, or the holder or holders of said notes, in any suit in which either of them may be plaintiff and defendant, by reason of being a party to this trust deed or a holder of said notes, and that the same shall be a lien on said prem-

ises, and may be included in any decree ordering the sale of said premises and taken out of the proceeds of any sale thereof.' The master to whom the cause was referred found and reported that $500 was a 'usual, reasonable and customary fee for the services rendered by the complainant's solicitor in this proceeding,' and that the complainant had a lien for said sum of $500 for his solicitor's fees, and was entitled to be paid the same out of the proceeds of the sale of the premises, and decree was entered accordingly."

WILLIAMS & KRAFT, for appellant.

JOHN S. COOK, for appellee.

Per CURIAM: Substantially the only grounds urged on this appeal by appellant for the reversal of the decree of foreclosure relate to the allowance of the solicitor's fees by the trial court.

It is contended that under the clause in the deed of trust providing for the allowance of reasonable attorney's and solicitor's fees the evidence should have been confined to what was a reasonable fee, and that it was error to tax such fee upon the evidence, as it was adduced, as to what was the usual and customary fee. No objection was made below to the form of the questions which were put to the witness calling for a statement of what was a usual and customary fee, nor did appellant offer any evidence to show that the amount testified to by the witness called by the defense was excessive. In *Louisville, New Albany and Chicago Railway Co.* v. *Wallace*, 136 Ill. 87, it was said (p. 92): "It is held in a number of cases, that in order to aid a jury in determining the reasonable worth of legal services, proof may be introduced of the prices usually charged for similar services." No evidence appearing in the record that there was any express contract as to the amount of such solicitor's fee between the complainant and his solicitor, the complain-

ant was entitled to have a reasonable amount allowed under the clause in the deed of trust providing therefor. In the absence of any other evidence on the subject, that which establishes the amount allowed as the usual and customary fee in such cases, and not appearing to the court to be exorbitant, must be held to be a reasonable fee. The defendant was at liberty to contest, by evidence, the amount demanded by and testified to on behalf of complainant, but he did not do so, and we cannot say that the fee is so excessive as to require a reversal of the decree. *Casler* v. *Byers*, 129 Ill. 657.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*