## Clara A. Wright et al. v. John C. Neely et al.

1. SOLICITOR'S FEES—*Where $750 Is a Reasonable Fee in Foreclosure Proceedings.*—For conducting a foreclosure proceeding where the amount found due to the first mortgagee is $38,725.85, the allowance of a solicitor's fee of $750 is not unreasonable.

2. FORECLOSURE—*What Is a Reasonable Time for Payment Before Sale.*—In a foreclosure proceeding, what is a reasonable time for payment before the mortgaged property may be advertised for sale, rests in the sound discretion of the court.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

This is an appeal from a decree entered in the Superior Court, in a foreclosure proceeding, ordering the sale of certain real estate.

On January 31, 1900, the appellees (John C. Neely, as trustee, and Harriet B. Borland) filed their bill against appellants and others, seeking to obtain a decree of foreclosure and sale under a trust deed dated February 17, 1897, made by appellants.

In their bill the appellees allege the making of the trust deed and of a principal note for $35,000, dated February 17, 1897, due three years after the date thereof, with interest at the rate of six per cent per annum, which was further evidenced by six interest coupons of $1,050 each, due on the 17th days of August and February in each year; that the appellee, Harriet B. Borland, is the owner and holder thereof; that all of the interest coupons have been paid and can-

celed, with the exception of the one due August 17, 1899 (the one due on February 17, 1900, not being due at the time of the filing of the bill of complaint); that default was made by the appellants in the payment of the interest coupon so due on August 17, 1899, and in the payment of certain insurance premiums; and that, by reason of such default, Harriet B. Borland has declared due the whole amount of the principal secured by said note and trust deed; that the complainant is entitled to a reasonable solicitor's fee; alleges the existence of a second trust deed for $5,000, dated July 8, 1898, from the appellants to Stephen A. Foster, trustee, given to secure their note of $5,000, and prays for an accounting and sale of premises to satisfy amount found due.

On April 10, 1900, the appellants filed their answer denying the allegations of said bill.

On March 6, 1900, the West Pullman Land Association filed its answer, alleging the ownership of a trust deed from the appellants to Stephen A. Foster, trustee, dated July 8, 1898, upon the same premises, to secure the payment of the appellants' note for $5,000, dated July 8, 1898, due three years after the date thereof, with interest at the rate of six per cent, and asking the court to allow it a reasonable solicitor's fee in the proceeding.

The cause, being at issue, was referred to a master in chancery, who reported, finding the allegations of the bill were true; that the complainant, Harriet B. Borland, was entitled to the sum of $37,725.80, for principal and interest to May 11, 1900; for insurance premiums paid, $187.50, with interest thereon to May 11, 1900, $6.97; for a continuation of abstract of title, $12.75; and for a solicitor's fee the sum of $750, which was found by the master to be a reasonable fee; making the total amount due the appellee, Harriet B. Borland, on May 11, 1900, the date of the master's report, $38,683.02, for which the said Harriet B. Borland was deemed to have a first lien on the premises.

The master further found that the West Pullman Land Association was entitled under its trust deed to a second lien for the sum of $5,555.83, for principal and interest, and

the further sum of $25 for its reasonable solicitor's fees in this proceeding; making the whole amount due it the sum of $5,580.83, which should be paid out of the proceeds of the sale of the premises, after the payment of the amount found due to the said Harriet B. Borland.

To this report the appellants filed their objections to the allowance of the said amounts found due, and to the allowance of solicitor's fees to the complainant, and to the West Pullman Land Association. These objections were overruled by the master, and thereupon the appellants filed exceptions to said report in the Superior Court, which exceptions were overruled.

On May 17, 1900, the court entered its decree of sale, wherein it approved and confirmed said master's report; found to be due the appellee, Harriet B. Borland, on her note and trust deed the sum of $37,973.85, and the further sum of $750 as the reasonable solicitor's fees for the services of the complainant's solicitor; which sum the court found to be a first lien on the premises; also found due to the West Pullman Land Association on its note and under the provisions of its trust deed the sum of $5,580.83, for which the West Pullman Land Association was decreed a valid lien, inferior to the lien of Harriet B. Borland.

Further decrees that unless the sum of $38,723.85, found due Harriet B. Borland, together with interest, be paid within twenty days, the premises be sold; and out of the proceeds the amount found due Harriet B. Borland be first paid, and thereafter the West Pullman Land Association be paid said sum of $5,580.83.

JOSEPH WRIGHT, attorney for appellants.

JOHN F. HOLLAND, attorney for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is urged that the testimony that $750 is a usual and customary fee of a solicitor for conducting foreclosure proceedings such as was this, did not justify the finding that such sum is a reasonable fee.

Wright v. Neely.

The Supreme Court have frequently held otherwise. Reynolds v. McMillan, 63 Ill. 46; Nathan v. Brand, 167 Ill. 607; L., N. A. & C. Ry. Co. v. Wallace, 136 Ill. 87; Heffron v. Gage, 149 Ill. 192; Metheny v. Bohn, 164 Ill. 495; Guignon v. Union Trust Co., 156 Ill. 135.

The sum of $25 as attorney's fees was properly allowed to the second mortgagee under the clause in its mortgage that the grantor should pay all costs incurred or paid by it in any suit to which it should be a party by reason of being a party to said mortgage.

It was entirely proper for the court in its decree to find the interest down to the date of the decree. Goodwin v. Bishop, 145 Ill. 421–426.

Nor was there any error or anything inequitable or prejudicial to appellants in including in the computation the amount of an interest coupon at one time indorsed to the Merchants National Bank, but which at the hearing was in the possession of the complainant Borland, and so far as appears, was, as is the presumption from possession, actually hers. Richard v. Darst, 51 Ill. 140.

The court by its decree ordered that sale should be made unless payment was made within twenty days therefrom. Actually, sale could not be made until the lapse of three weeks after the expiration of the twenty days.

As to what is a reasonable time for payment before the property may be advertised for sale rests in the sound discretion of the court. C. & S. S. Rapid Transit R. R. Co. v. Northern Trust Co., 90 Ill. App. 460.

It is manifest that the rule as to such time in England and other jurisdictions wherein the sale is absolute, there being from it no right of redemption, is not applicable where fifteen months for redemption from the sale is allowed.

The decree of the Superior Court is affirmed.