110    495
D210s 128

## Patrick J. Sexton v. Alexander S. Bradley.

1. INSTRUCTIONS—*As to Consideration of Expert Testimony.*—An instruction to the jury to find from the evidence what the legal services of the plaintiff are reasonably worth and that in estimating the reasonable worth they are to consider and weigh any testimony of attorneys in good standing as to what may be the usual compensation for such services, is proper.

2. Witnesses—*Testimony of Lawyers as to Compensation for Legal Services.*—Lawyers may be asked as experts their opinions as to what is a fair and reasonable compensation for services rendered by their professional brethren.

Assumpsit, for professional services. Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Mr. Justice Stein dissenting. Opinion filed December 4, 1903.

J. B. Langworthy, attorney for appellant.

Otis & Graves, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is an appeal from a judgment obtained by appellee for professional services as attorney for appellant. It is apparently not denied that appellee was entitled to recover something. The controversy is as to the amount to which he was entitled. The questions of fact were submitted to the jury. We have considered the evidence, but after such examination are not disposed to interfere with the finding, and do not deem it necessary to review the evidence in detail.

It is, however, insisted that the jury were erroneously instructed, and our attention is called to the first instruction given in behalf of appellant, which is objected to on the alleged ground that it called the attention of the jury particularly to the expert evidence, ignoring other evidence in the case. We do not think it reasonably open to that objection. The instruction tells the jury that the law implies a promise from appellant to pay appellee for his services "what the jury may find from the evidence the same are reasonably worth," and that in estimating the reasonable worth, they are to consider and weigh any testimony "of attorneys in good standing as to what may be the usual compensation for such services" shown by the evidence to have been rendered. The jury are expressly told by the instruction that they "may find from the evidence" and determine the reasonable worth of the services. They were moreover instructed, at the instance of appellant,

that they were " to determine the weight to be given to the evidence " of the witnesses; to take into consideration the opportunities of the several witnesses for knowing the things about which they testify, the probability or improbability of the truth of their statements " in view of all the other evidence; " that they are to consider " all the other surrounding circumstances appearing on the trial; " that they are not bound to believe anything to be a fact, provided they " believe from all the evidence " that it is not; that appellee must " prove his case by a preponderance of the evidence; " and that they are to " determine from the evidence " whether or not appellee is indebted to appellant in any sum exceeding the value of appellee's services, and if so, that the latter can not recover.   There is, we think, no reason to conclude that the jury were in any way misled by the instruction complained of.

We are referred to Scott v. The People, 141 Ill. 195–208, as authority for holding the instruction to be erroneous. In that case the court says that the instruction, the refusal of which is there discussed, " directed the attention of the jury exclusively to the testimony of the expert witnesses; " that it also stated it was " necessary for the people to prove to the satisfaction of the jury," etc., that it told the jury they were at liberty to take into consideration the testimony of the medical experts in connection with all the other facts and circumstances detailed on the trial, and if after considering all of such testimony they entertained any reasonable doubt whether there was ever any attempt to commit an abortion, it would be their duty to find the defendant not guilty.   The Supreme Court say that the " instruction was calculated to make the impression upon the minds of the jury that they were only to consider the expert testimony in connection with such facts," referring to certain items of defendant's proof, " and not in connection with all the evidence; that " it was the duty of the jury to consider all the evidence; " and it was held that the defendant could not have been injured by the refusal of the instruction, " because the jury were told in other instruc-

tions to carefully consider all of the testimony introduced, which included as well that of the experts as of the other witnesses." So in the case at bar, the jury were repeatedly told in other instructions, as well as in the one complained of, to consider all the evidence, and not exclusively the testimony of the expert witnesses. The jury are told to find from the evidence " what the services of appellee are reasonably worth," and that in estimating the reasonable worth, they are to consider and weigh any testimony of attorneys in good standing, as to one single point—not the value of appellee's services, but " what may be the usual compensation for such services"—a point as to which there was, so far as we are advised, no other testimony except that of the experts. We do not regard the instruction as open to the objection urged. See Guetig v. State, 66 Ind. 107; Brooks v. Jenkins, 3 McLean, 447.

It is objected that the hypothetical questions to the expert witnesses called for their opinion as to what was " a usual, customary and reasonable compensation " for the services supposed to have been rendered upon the hypothesis as stated, and that it was error to include the word " reasonable " in the question. It has been said that evidence which establishes the amount allowed as a usual and customary fee must be held to be a reasonable fee. Nathan v. Brand, 167 Ill. 607–610. In the case before us the inquiry was directed apparently to what is usual and customary, and hence, in the opinion of the witnesses, reasonable. In L., N. A. & C. Ry. Co. v. Wallace, 136 Ill. 87–93, it is held that lawyers may be asked as experts their opinions as to what is fair and reasonable compensation for services rendered by their professional brethren. The objection is not, we think, well taken, and it is moreover raised here for the first time, not having been one of those urged to the question upon the trial. It is true that in Reynolds v. McMillan, 63 Ill. 46, it was said that in that case the inquiry should have been directed to what was a customary charge for such legal services, and not what was reasonable, just and proper. But that lawyers may be

asked their opinions as to the value of legal services is well established.

We have considered the evidence relating to other points raised by appellant's counsel, but it must suffice to say that we find no error in the record justifying interference with the judgment and it must be affirmed.

MR. JUSTICE STEIN, dissenting.

The entire instruction alluded to in the above opinion is as follows:

"If the jury believe from the evidence that the plaintiff performed services as attorney at defendant's request, for which he has not been paid, and that no price was agreed upon, then the law will imply a promise from defendant to pay plaintiff for such services, what the jury may find, from the evidence, the same are reasonably worth.

And in estimating the reasonable worth of such services, the jury are to consider and weigh any testimony, admitted in evidence, of attorneys of good standing, as to what may be the usual compensation for such services, as may be shown by the evidence to have been rendered.

And the jury may also consider any facts shown in the evidence, as to the amount of labor and time properly expended by plaintiff in such services and the benefit which defendant may have derived from them; the amount involved in the controversy in which such services were rendered; the nature of the controversy, as to whether difficult or doubtful questions were involved; the ability and experience of plaintiff; and the result of the controversy.

From any sum which the jury may find from the evidence that the defendant owes the plaintiff for services, if anything, the jury are to deduct $177.12 for money of the defendant in the hands of the plaintiff on the land account."

This instruction is objectionable and should not have been given because its second sentence singles out and gives undue prominence to the testimony of the attorneys upon the question of value. Its language is mandatory and has a strong tendency to divert the attention of the jury from the other proof upon the subject, some of which tends to show that appellee himself had put a considerably lower valuation upon his services than that testified to by the experts. Scott v. People, 141 Ill. 195, 208; Head v. Hargrave, 105

U. S. 45. In the Scott case, *supra*, the jury were to be told that they " were at liberty to take into consideration the testimony of the medical experts," (here they were told that they " *are to* consider,") and they were also to be told to consider such testimony "in connection with all the other facts and circumstances " in proof (which here they were not); and yet the Supreme Court held the instruction to be " clearly erroneous" because it "directed the attention of the jury *exclusively* to the testimony of the expert witnesses."

(The italics are the writer's.)