In re Estate of Rosina Freund, deceased. Appeal of Ludwig Zentner et al., Appellants, v. Maurice Kozminski, Executor, Appellee.

## Gen. No. 17,026.

1. ADMINISTRATION—*attorney's fees.* In determining what is a reasonable allowance for attorney's fees the inquiry should be as to the usual charge.

2. EVIDENCE—*competency as to attorney's fees.* Testimony of reputable attorneys as to the reasonable fee, though not based on the usual and customary charge, for attorney's services is competent.

3. ATTORNEY'S FEES—*how reasonableness may be determined.* A court may form an independent judgment, based on its own knowledge and the testimony of two reputable attorneys, as to what is a reasonable attorney's fee though there is no testimony as to what is the usual and customary charge.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed July 9, 1912.

RICHBERG & RICHBERG, for appellants; DONALD R. RICHBERG and RALPH D. STEVENSON, of counsel.

SIMEON STRAUS and IRA E. STRAUS, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The question involved in this appeal is the amount of a reasonable allowance for attorney's fees for the services shown in the record. There is no dispute as to the services rendered. They were rendered in settling an estate and in sustaining the will of Rosina Freund, deceased, which was attacked by some of her heirs.

It is urged that there is no evidence in the record to support the judgment of the Circuit Court, allowing the executor the amount of $1,750 on account of attorney's fees, because no competent testimony was given on that subject. The two witnesses, called for the purpose of testifying as to the value of the legal services rendered, did not testify to the usual and customary charge for such services, but, without objection, stated what would be a reasonable allowance therefor. Reynolds v. McMillan, 63 Ill. 46, is cited as stating the rule in this state. The court said in that case:

"In fixing the amount of a reasonable fee, examination should be directed to what is customary for such legal services, where contracts have been made with persons competent to contract, and not what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge." Metheny v. Bohn, 164 Ill. 495; McMannomy v. C. D. & V. R. R. Co., 167 Ill. 497 and Glynn v. Glynn, 139 Ill. App. 191, are cited in support of the rule above stated. The rule is well settled in this state and should be observed by the court.

The testimony offered in this case of two reputable attorneys as to the reasonable fee for the services

rendered, was received by the court without objection as to the form of the questions propounded to the attorneys. Such testimony is competent. But courts are also qualified to form an independent judgment as to proper charges to be made, and it is their duty to do so. McMannomy v. C. D. & V. R. R. Co., *supra*. We think it follows that while the testimony was based upon what the expert witnesses thought was just and proper, and not upon the usual and customary charge for the same, the testimony was admissible, and the court could form an independent judgment on the issues presented, based upon such testimony and its own knowledge of the value of the services. It follows, we think, that there is evidence in the record supporting the judgment; and it cannot be said that because the testimony was given as to reasonable value without proving what was the customary charge for such legal services, the contention of appellant that there is no evidence in the record to support the judgment is sustained.

While we have the greatest respect for the finding of the Probate Judge in this matter, and while such finding is entitled to great consideration, we cannot say that the finding of the Circuit Judge in allowing $1,750 for services rendered is so excessive as to call for the interference of this court. The services are given in the record in great detail, and necessarily required a large amount of time and labor, and we are not convinced that the judgment should be reversed upon the ground that the finding of the Circuit Court is excessive. The judgment is affirmed.

*Affirmed.*