**WALSH CONST. CO. v. CITY OF CLEVELAND et al.**

(District Court, N. D. Ohio, E. D. April 4, 1918.)

No. 9406.

1. **Principal and Surety** ⬅152—**Construction Contracts—Bond—Joint Obligors.**

Where notice to bidders required a performance bond, and the written agreement made the bond and notice a part of the contract, the contractor and surety became jointly and severally liable for performance of all conditions in the contract, though the surety's liability was limited to the penalty in the bond, so both at common law and under Gen. Code Ohio, §§ 11256, 11258, a joint or separate action might be brought against the contractor and surety in case of a breach of the contract.

2. **Judgment** ⬅241—**Joint Parties—Separate Judgments.**

Where a contract and bond for performance made the contractor and surety joint obligors, under Gen. Code Ohio, §§ 11583, 11584, separate judgments may be rendered against the several defendants; the judgment against the surety being limited to the amount for which it might be obligated.

3. **Courts** ⬅363—**Federal Courts—Conformity to State Law.**

In an action in the Federal District Court for Ohio, the question whether a claim is available as a counterclaim is controlled by the state laws.

4. **Set-Off and Counterclaim** ⬅29(1)—**Subject-Matter of "Counterclaim."**

Under Gen. Code Ohio, § 11317, defining a "counterclaim" as a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, a municipality, sued for a balance alleged to be due on a construction contract, having made the surety on the contractor's performance bond a party defendant, may counterclaim against the contractor and surety for damages for the contractor's delay in completing the work and failure to complete it according to specifications.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Counterclaim.]

At Law. Action by the Walsh Construction Company against the City of Cleveland, which applied for an order making the National Surety Company a defendant, and filed a cross-petition against plaintiff and the National Surety Company. On demurrer of the National Surety Company to the cross-petition. Demurrer overruled.

---

Klein & Harris, of Cleveland, Ohio, for plaintiff.

Alfred Clum, of Cleveland, Ohio, for defendant city of Cleveland.

Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for defendant National Surety Co.

WESTENHAVER, District Judge. The plaintiff, Walsh Construction Company, filed its petition in this court against the original defendant, the city of Cleveland, an Ohio municipal corporation, seeking to recover a balance alleged to be due on a certain construction contract for the erection of a filtration plant. A copy of this contract is annexed to and made a part of the petition. Thereafter the city of Cleveland applied for and obtained an order making the National Surety Company also a defendant, and thereupon filed its answer to the original petition, and also its cross-petition herein against the plaintiff and the National Surety Company. To this cross-petition the National Surety Company has filed its demurrer, assigning in support thereof three grounds: (1) Misjoinder of parties defendant; (2) misjoinder of causes of action; (3) several causes of action against several defendants are improperly joined.

The construction contract, annexed to plaintiff's petition and also to this cross-petition, consists of several documents, namely, a notice to bidders, a proposal submitted pursuant thereto by the Walsh Construction Company, a formal agreement in writing, signed by the Walsh Construction Company and the city of Cleveland, plans and specifications for the proposed work, and a performance bond executed by the Walsh Construction Company and the National Surety Company. The notice to bidders provides that a bond in a penalty equal to 50 per cent. of the amount of the proposed contract, with an approved surety company as surety, will be required from the accepted bidder for the faithful performance of the contract. The written agreement provides that the notice to bidders, the proposal for bids, the bid, the bond, and contract drawings shall all be taken as parts of that agreement.

The bond thus made a part of this contract binds the Walsh Construction Company and the National Surety Company to the obligee, the city of Cleveland, in the sum of $136,500, both jointly and severally. It recites the making of the construction contract, a copy of which, including notice to bidders, proposals, bid, and specifications, is attached thereto and made a part thereof as fully as if the same were set forth therein. The condition of the bond is that, if the Walsh Construction Company shall well and truly execute all and singular the stipulations by it to be executed, contained in said written agreement, and shall fully and faithfully perform the work therein specified, and all and singular the terms, conditions, and requirements of the plans, specifications, and contract, the obligation is to be void; otherwise to be and remain in full force and virtue in law.

Plaintiff's petition is framed on the theory that all the terms, conditions, and requirements of said construction contract have been executed and performed by it, that all the work therein specified has been fully and faithfully performed, and that all the conditions, stipulations,

and obligations of the plans, specifications, and contract have been also fully and faithfully kept and performed. Judgment is prayed for the balance alleged to be due as if said contract were fully performed in all its terms, conditions, and requirements.

Defendant's cross-petition proceeds on the theory that the Walsh Construction Company has not kept and performed the terms, conditions, and requirements of said written agreement, but that, on the contrary, it has failed so to do. The cross-petition sets up the city's demand in three causes of action: (1) For the recovery of liquidated damages for delay in completing the work; (2) for the recovery of damages due to an alleged failure to complete and construct the filtration plant as provided by said agreement; and (3) a cause of action which incorporates therein the allegations of the first and second causes of action and prays judgment against the Walsh Construction Company and the National Surety Company for the full penalty of said bond on account of the alleged defaults set up in said first and second causes of action. Judgment is prayed against the Walsh Construction Company alone for $328,000, and against the Walsh Construction Company and the National Surety Company for the full penalty of the bond.

[1] The argument in support of the demurrer is, in brief, that the first and second causes of action are against the Walsh Construction Company alone, and are based upon the construction contract in writing; that the third cause of action is against the Walsh Construction Company and the National Surety Company on the performance bond; and that these first two causes of action are on a contract separate and independent from the contract set up in the third. The misjoinder of parties and causes of action, it is argued, results from the fact that the first and second causes of action are on a contract separate from that set up in the third, and that, inasmuch as the parties to these two contracts are different and the causes of action thus joined do not affect all of the defendants equally, the joinder is improper.

The fundamental assumption of this argument is that the construction contract and the performance bonds are separate and independent contracts. This assumption cannot be admitted. On the contrary, these several documents are expressly made a part of the same contract. They were all executed at the same time, upon the same consideration, and for the same purpose, and took effect by a single delivery. As a result there is in law but one contract. A simple test of the question presented is whether or not an original action against the Walsh Construction Company and its surety could be maintained on the third cause of action set up in the cross-petition. Such an action, on well-settled legal principles, could undoubtedly be maintained without first compelling the obligee to sue the principal on the contract and exhaust his remedies against him. Both defendants have agreed jointly and severally to perform all the terms of the construction contract. They are in law joint and several contractors and obligors. The surety's obligation is not that of an indemnitor, or of a collateral guarantor, against whom no action can be brought without demand or notice, or until after failure to collect from the principal; the obliga-

tion is an absolute and unconditional one, binding both principal and surety for the full performance of each and every term, condition, and requirement of the contract. A joint or a separate action might at common law and under sections 11256 and 11258, General Code of Ohio, be brought thereon. Stage v. Olds, 12 Ohio, 159; Neil v. Board of Trustees, 31 Ohio St. 15; Saint v. Wheeler & Wilson Mfg. Co., 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210.

Counsel's misapprehension of the nature of this cross-petition is doubtless due to the inartificial manner in which the city's demands are stated. The cross-petition alleges that the damage sustained by the city of Cleveland by reason of the Walsh Construction Company's default is the sum of $328,000, for which sum it asks judgment, whereas the National Surety Company's obligation is limited to $136,500, with interest from the date of filing the cross-petition, which sum is the maximum recovery permissible against it. This confusion is probably increased by the fact that the cross-petitioner's demands are stated as three separate causes of action. The third cause of action, however, by reference incorporates therein the allegations of the first and second, which state fully and in detail the defaults of the principal for which the surety has bound itself. For the purposes of this demurrer such defects of form will be disregarded, and the incorporation by reference of the allegations of the first and second causes in the third cause is sufficient to state a good cause of action jointly and severally upon their joint and several obligations to perform fully all the terms, conditions, and requirements of the construction contract. This exact question seems to have arisen and was decided the same way under a code system substantially like that of Ohio in Houston v. Delahay, 14 Kan. 125, the opinion being delivered by Judge Brewer, afterwards Mr. Justice Brewer of the United States Supreme Court.

[2] The cross-petitioner, it is true, demands against the principal full damages in an amount in excess of the penalty of the bond and of the amount for which judgment may be rendered against the surety. This is permissible, since both defendants have bound themselves jointly and severally by the same obligation, notwithstanding the surety has limited the amount for which it is bound to the penalty of the bond, and that the principal has bound itself to that extent and also without limit. This situation is the familiar one of a joint and several bond executed by two or more sureties, whereby the principal's obligation is for the full penalty and the sureties' obligations are limited to separate parts thereof. It is settled law that a single action against the principal and all the sureties may be maintained on such an obligation, and that separate judgments may be rendered against the several defendants properly limited to the amount for which each surety may have separately bound himself. 31 Cyc. 141; 9 C. J. 127, § 238; People v. Edwards, 9 Cal. 286; People v. Love, 25 Cal. 520; Heppe v. Johnson, 73 Cal. 265, 14 Pac. 833; Grocers' Bank v. Kingman, 16 Gray (Mass.) 473; Briggs v. McDonald, 166 Mass. 37, 43 N. E. 1003. The ancient common-law requirement that a joint judgment for a single amount must be rendered in a joint action against several defendants has long since been changed by statutes authorizing separate and several judg-

ments; and such is now the law of Ohio, General Code, §§ 11583 and 11584.

[**3, 4**] Such being the essential nature of the case made by the cross-petition, the only remaining question is whether or not the subject-matter thereof is available as a counterclaim. This question is controlled by the Ohio Code of Civil Procedure, and a claim available according to that Code as a counterclaim may be set up and enforced in an action in this court. West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819; Partridge v. Insurance Co., 15 Wall. 573, 21 L. Ed. 229. Section 11317, General Code of Ohio, defines a counterclaim as:

"A cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

The cause of action here is against the plaintiff and the National Surety Company jointly and severally and is consequently a cause of action against each one and both of them. It arises out of the contract set forth in the petition as the foundation of the plaintiff's claim. It is a cause of action existing in favor of the original defendant against the plaintiff and another defendant. It is a cause of action upon which a several judgment might be had in favor of the original defendant against the original plaintiff, or the National Surety Company, or both of them. It answers, therefore, all the requirements of a counterclaim as defined by the section above cited. The National Surety Company, it is true, was not made a defendant to the original petition; but this situation is specially provided for by section 11318, General Code of Ohio, which provides that when it appears that a new party is needed to a final decision on a counterclaim, the court may permit such a party to be made by a summons to answer the counterclaim. This procedure has been had.

Counsel cite in support of this demurrer and rely on the following cases: Lee v. Insurance Co., 12 Ohio Dec. Rep. 109; Seibert v. Insurance Co., 12 Ohio N. P. (N. S.) 210; Heinrichsdorf v. Keppler, 3 Ohio Law Rep. 476; Jones v. Wright, 1 Ohio Cir. Ct. R. (N. S.) 59; Superior Mantel Co. v. Underwriters Mutual Fire Insurance Co., 17 Ohio Dec. N. P. 118. An examination of them shows that the causes of action joined therein were on separate and independent contracts made and entered into by separate defendants and at different times. Manifestly there was a misjoinder of parties and of causes of action in those cases. They contain nothing in conflict with the conclusions herein announced.

Counsel also cite a judgment, without opinion, made in W. J. Gawne v. City of Cleveland, Case No. 91927, Court of Common Pleas, Cuyahoga County, sustaining a demurrer to a cross-petition against a surety and principal in a performance bond under conditions exactly like those here present. My recollection of that holding is as claimed by counsel; but, notwithstanding my respect for the learned judge who made it, I am persuaded that it was erroneous. Some ten years' time was taken in prosecuting that case to final judgment, after which the

city was forced to bring a new action against the surety, which, I am informed, has not, after two years, yet been brought to trial. Such a procedure is a reflection on our system of jurisprudence. No conceivable reason exists why the entire controversy should not be heard and determined once and for all in one proceeding, and, in my opinion, proper practice and pleading permit, if they do not require, that it should be done.

The demurrer of the National Surety Company will be overruled. An exception may be noted.