[No. 17246. Department One. September 5, 1922.]

H. V. McGEE, *Respondent*, v. WILSON FISHERIES
COMPANY *et al.*, *Appellants.*[1]

EVIDENCE (47)—COMPETENCY—VALUE OF SERVICES. In an action
to recover the value of services as superintendent of a fish cannery,
it is competent for plaintiff to show the compensation received by
other superintendents of the same cannery.

Appeal from a judgment of the superior court for
King county, Davidson, J., entered November 22, 1921,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Affirmed.

*Chadwick, McMicken, Ramsey & Rupp* and *Stephen
F. Chadwick,* for appellants.

*John P. Gallagher* and *C. C. Curtis,* for respondent.

BRIDGES, J.—Practically the only question in this
case is the value of the services of the plaintiff while
engaged as superintendent of a fish cannery belonging
to the defendants and located at Fort Walter, Alaska.
The court, trying the case without a jury, awarded the
plaintiff compensation at the rate of $250 a month, and
entered judgment against the defendants on that basis.

The chief error assigned by the appellants is the ad-
mission of testimony concerning the value of respond-
ent's services. Witnesses were permitted to testify
what compensation had been paid in recent years to
superintendents of other fish canneries in Alaska and
elsewhere. This testimony was received over the ob-
jections of the appellants.

The courts are in division as to whether a plaintiff
may prove his compensation, when the amount has not
been previously agreed upon, by testimony concerning
the compensation received by others performing like

[1]Reported in 208 Pac. 1090.

services in the same general locality under the same general circumstances. Some of the cases holding that such testimony is inadmissible because tending to raise collateral issues are the following: *Ottawa University v. Parkinson,* 14 Kan. 129; *Seurer v. Horst,* 31 Minn. 479, 18 N. W. 283; *Harris v. Russell,* 93 Ala. 59, 9 South. 541. The following are some of the cases holding to a contrary doctrine: *Knight v. Russ,* 77 Cal. 410, 19 Pac. 698; *Stanton v. Embrey,* 93 U. S. 548; *Nathan v. Brand,* 167 Ill. 607, 47 N. E. 771; *Holman v. Fesler,* 7 Watts & S. (Pa.) 313; Elliott, Evidence, vol. 1, § 183. It is not necessary in this case for us to choose between the conflicting authorities. There is ample testimony to support the judgment without considering that concerning the compensation paid to the superintendents of other canneries.

It was shown that, for the years 1918 and 1919, the superintendents of this particular plant received sums considerably in excess of that allowed by the trial court to the respondent. But appellants contend that this class of testimony was also inadmissible as tending to raise collateral issues. The arguments which might be made against the competency of testimony showing the compensation received by superintendents of other canneries are not applicable, at least with equal force, to proof of the compensation generally paid to superintendents of this particular plant. The duties of superintendents of two or more plants might be very different, depending on the size of the plant, its manner of operation, the amount of its pack, the location and other things. But the duties of different superintendents of the same plant must be largely the same, and proof of compensation generally paid at that plant must be competent and enlightening as to the reasonable value of a particular service at that

plant. In addition to this class of testimony, there was also so-called expert testimony concerning the reasonable value of respondent's services. The respondent considered he should receive $300 per month, while the president of appellant thought that $200 per month was ample. The trial court split the difference, and we cannot say that he was wrong in so doing.

Appellant fisheries company insists that it did not employ respondent and that it was error to give judgment against it. Without detailing the testimony on that question, suffice it to say that a careful consideration of the record convinces us that the court did not err in giving judgment against both appellants. The judgment is affirmed.

PARKER, C. J., TOLMAN, and MITCHELL, JJ., concur.