The Louisville, New Albany and Chicago Railway Company

*v.*

Logan D. Wallace.

*Filed at Ottawa January 22, 1891.*

1. Practice and procedure—"*short cause calendar*" *act of June 1, 1889* — *constitutionality.* The act of June 1, 1889, entitled "An act to expedite the trial of certain suits at law in courts of record," is not unconstitutional. The fact that it confers no corresponding right on defendants does not affect the validity of the act.

2. The act mentioned involves no question of life, liberty or property, but affects the remedy or mode of procedure, alone, and parties have no vested rights in the rules of practice or modes of procedure prescribed by law.

3. Local or special legislation—*what will constitute.* A law changing the mode of procedure, the provisions of which affect alike all persons in the same class and apply alike to all persons in the State similarly situated, is not obnoxious to the constitutional prohibition against local or special legislation. Of that class is the act of 1889, known as the "short cause calendar" act.

4. Evidence—*as to value of legal professional services.* Where legal professional services are of such a character that it has become customary and usual to make certain charges therefor, evidence should be given of what such charges are. What is a usual or customary charge

for a particular service is a question of fact, and a witness testifying to the same is not acting altogether as an expert.

5. But where there is no customary or established charge for certain particular services, the value of such services will often depend upon a variety of considerations, such as the skill and standing of the person employed, the nature of the controversy, the character of the questions at issue, the amount or importance of the subject matter of the suit, the degree of responsibility involved in the management of the cause, and the time and labor bestowed. In such cases the opinions of expert witnesses are properly received. Practicing lawyers occupy the position of experts as to questions of this nature.

Appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. David J. Wile, for the appellant:

The act in question is a violation of the provision of the constitution that "no person shall be deprived of life, liberty or property without due process of law." (Art. 2, sec. 2.) It also violates article 4, section 22, which prohibits special legislation.

The act is not uniform, as it favors plaintiffs, giving them rights not conferred on defendants. *People* v. *Wright*, 70 Ill. 398; *Devine* v. *Commissioners*, 84 id. 590; *Potwin* v. *Johnson*, 108 id. 79; *McAunich* v. *Railroad Co.* 20 Iowa, 338; *Strander* v. *West Virginia*, 100 U. S. 303; *Fisher* v. *National Bank*, 73 Ill. 34; *Clapp* v. *Rauch*, 90 id. 468.

In fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services, and not by what is reasonable. *Reynolds* v. *McMillan*, 63 Ill. 46; *Dorsey* v. *Corn*, 2 Bradw. 534; *Eggleston* v. *Boardman*, 37 Mich. 14; *Villas* v. *Downer*, 21 Vt. 419; *Railroad Co.* v. *Railroad Co.* 67 Ill. 145.

Mr. Robert H. Patton, for the appellee:

This court has already passed upon the constitutionality of the "short cause calendar" act. *Jensen* v. *Fricke*, 133 Ill. 171.

The act affects only the remedy, and does not touch on defendant's rights. The plaintiff should have the control of

the commencement of his suit.   The law is not partial because it confers on the plaintiff the right to say when and where he shall begin his suit, and denies that privilege to the defendant.

The act applies to all cases falling under the same conditions, and is not, therefore, special legislation.   *Land Co.* v. *Soper*, 39 Iowa, 116; *Bucklew* v. *Railroad Co.* 64 id. 603; 65 id. 655; *Honore* v. *Home Nat. Bank*, 80 Ill. 489; *Hawthorn* v. *People*, 109 id. 302.

Where legal services have a fixed value, the usual and customary price should govern.  *Dorsey* v. *Corn*, 2 Bradw. 534; *Reynolds* v. *McMillan*, 63 Ill. 46; *Eggleston* v. *Boardman*, 37 Mich. 14.

Where the services have no fixed market value, the opinions of experts are proper to fix their reasonable value.   *Allis* v. *Day*, 14 Minn. 518; *Eggleston* v. *Boardman*, 37 Mich. 14; *Villas* v. *Downer*, 21 Vt. 419; *Stanton* v. *Embry*, 93 U. S. 557; *Kentucky Bank* v. *Coombs*, 7 Pa. St. 543; *Haish* v. *Payson*, 107 Ill. 368; *Cansey* v. *Campbell*, 52 Ind. 158; *Thompson* v. *Boyle*, 85 Pa. St. 477; *Hornell* v. *Gary*, 66 N. Y. 641; *Ottawa* v. *Parkinson*, 14 Kan. 16; *Rose* v. *Spies*, 44 Mo. 20.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action in assumpsit brought by appellee, Wallace, who is an attorney at law, against the appellant company, to recover for professional services.   The declaration contains only the common counts.   The plea was non-assumpsit.   The cause was put upon what is called the "Short cause calendar," provided for in the Act of June 1, 1889, entitled "An Act to expedite the trial of certain suits at law in courts of record." (Laws of 1889, page 222).   Before the trial began, the defendant moved to strike the case from the calendar on the ground that said Act was unconstitutional.

The first question presented is the constitutionality of the Act of 1889 above referred to.   We have already considered

this subject in *Jensen et al.* v. *Fricke et al.* 133 Ill. 171. In that case we held the law to be constitutional, and see no reason now for changing the views there expressed. Counsel, however, claims that the view presented in the present case was not called to the attention of the Court in that case. The Act provides, that, "upon the *plaintiff*, his agent or attorney, in any suit at law, pending in any court of record, filing an affidavit that *he* verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said 'short cause calendar.'" It is claimed, that this provision grants to the *plaintiff* only the right to put a case upon the "short cause calendar," and does not extend the same right to the defendant; and that, therefore, the legislation is unequal and partial.

It might as well be said, where a party has the right to bring a suit before either one of several courts of concurrent jurisdiction, as, in a certain class of claims in Cook County, before either the Circuit Court, or the Superior Court, or the County Court, or, in claims involving less than $200.00, before either a justice of the peace, or the Circuit Court, that the law is partial to the plaintiff because he has the right of choosing the tribunal, and the defendant has not such right.

The provisions of the constitution, which are alleged to be violated, are Section 2 of article 2, that "no person shall be deprived of life, liberty or property without due process of law," and section 22 of article 4 prohibiting special legislation regulating the practice in courts of justice. We cannot see that any question of life, liberty or property is involved. The rights of the defendant, so far as they depend on the result of the litigation, are not affected in any way. The provision in question has reference to the remedy only; it merely regulates the mode of procedure. As we said in *Jensen et al.* v. *Fricke et al. supra*, "parties litigant have no vested right in the rules of practice or modes of procedure prescribed by law." Under

our system of practice the plaintiff has control of the commencement of the suit, and is supposed to be the party who is most injured by delay.

Nor is the provision obnoxious to the charge of being special legislation. It affects all persons in the same class with appellant, and is applicable to all persons and causes similarly situated. "Laws are general and uniform, not because they operate upon every person in the State, for they do not, but because every person, who is brought within the relations and circumstances provided for, is affected by the laws." (*The People* v. *Wright*, 70 Ill. 388 ; *Hawthorn* v. *People*, 109 Ill. 302). We do not regard the law as unconstitutional for any of the reasons now urged. The trial court committed no error in refusing to strike the case from the "short cause calendar." The second, and only other point made by appellant, relates to the admission of evidence. The case was tried before a jury who found a verdict for the plaintiff. No instructions were asked by, or given for, either side. The defendant introduced no evidence. The plaintiff, after testifying himself, examined four attorneys as witnesses. By his own testimony and that of one of the witnesses he proved what legal services he had rendered, and by the testimony of the three other witnesses, as well as by his own evidence, he proved the value of his services. The witnesses were asked to state what the services, which had been described in their hearing, were reasonably and fairly worth, or what would be a fair and reasonable compensation for plaintiff's services, as detailed in the evidence given in their presence.

The questions thus asked were objected to, because they called for the *opinions* of the witnesses as to the value of the services, and, the objections being overruled by the trial court, exceptions were taken. It is said that the witnesses were thus allowed to usurp the province of the jury, and that they should only have been required to state the usual and customary charges for such or similar services.

In *Reynolds* v. *McMillan*, 63 Ill. 46, where the proceeding was an amicable partition suit, requiring no great legal skill but merely the ordinary attainments of a good clerk, and where an unreasonably large fee was taxed up, under the partition Act, against infants, we said that, in fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services where contracts have been made with persons competent to contract. It is held in a number of cases, that, in order to aid a jury in determining the reasonable worth of legal services, proof may be introduced of the prices *usually* charged for similar services. (*Eggleston* v. *Boardman*, 37 Mich. 14; *Vilas* v. *Downey*, 21 Vt. 419; *Stanton* v. *Embry*, 93 U. S. 548).

But in other cases it has been also held, that lawyers may be asked their opinions as to the value of legal services. In *Haish* v. *Payson*, 107 Ill. 365, which was a suit brought to recover for legal services, this Court said: "Opinions may be received as to the value of the services." The admissibility of the opinions of witnesses experienced in such matters for the purpose of showing the value of legal services was recognized by the Supreme Court of the United States in *Forsyth* v. *Doolittle*, 120 U. S. 73. To the same effect are *Allis* v. *Day*, 14 Minn. 516; *Covey* v. *Campbell*, 52 Ind. 157; *Ottawa University* v. *Parkinson*, 14 Kan. 159; *Harnett* v. *Garvey*, 66 N. Y. 641; *Rose* v. *Spies*, 44 Mo. 20; *Thompson* v. *Boyle*, 85 Pa. St. 477).

It cannot be said that these two classes of decisions are inconsistent with each other. Where the professional service is of such a character, that it has become usual and customary to make a certain charge for its performance, evidence should be given of the amount of such usual and customary charge. What is a usual and customary charge for a particular service is a question of fact; and, where a witness states what it is, even though he has learned it from his professional experience, he is testifying to a matter of fact, and not altogether as an expert.

But, as to much of the legal work which is done for their clients by attorneys at law, there is no customary or established charge, especially where, as in this State, legal fees, except in amicable partition suits, are not the subject of statutory taxation. The value of legal services will oftentimes depend upon a variety of considerations, such as the skill and standing of the person employed, the nature of the controversy, the character of the questions at issue, the amount or importance of the subject-matter of the suit, the degree of responsibility involved in the management of the cause, the time and labor bestowed. For such services there can be no established market price. There is no fixed standard by which their value can be determined. They manifestly come within the many exceptions to the general rule, that the opinions of witnesses are not evidence. (1 Greenl. on Ev. sec. 440). What is a fair and reasonable compensation for the professional services of a lawyer cannot, in many, if not in most cases, be otherwise ascertained than by the opinions of members of the bar, who have become familiar, by experience and practice, with the character of such services. "Practicing lawyers occupy the position of experts as to questions of this nature." (*Allis* v. *Day, supra*).

In the present case, it appeared from the evidence, that lawyers would differ much about the price or value of such services as had been performed by appellee. It could not be true, therefore, that there was a customary or established charge for such services within the jurisdiction of the courts where they were rendered. Accordingly, the opinions of experts as to the value of such services were necessary from the very nature of the case; and, therefore, no error was committed in admitting such opinions in evidence.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*