THE CITY OF GREENVILLE, Defendant in Error, *vs.* JAMES M. MILLER *et al.* Plaintiffs in Error.

*Announced orally April 8, 1909.*

1. SPECIAL ASSESSMENTS—*affidavit required by section 96 of the Improvement act is essential.* All writs of error to review judgments of confirmation in special assessment proceedings under the Local Improvement act of 1897 must be sued out under and conform to the provisions of section 96 of such act, and it is essential that the affidavit therein provided for be filed with the clerk of the Supreme Court.

2. SAME—*writ of error to review confirmation judgment is not governed by section 118 of Practice act of 1907.* The suing out of a writ of error to review a judgment confirming a special assessment in a proceeding under the Local Improvement act of 1907 is governed by section 96 of that act, and section 118 of the Practice act (Hurd's Stat. 1908, p. 1637,) does not permit the prosecution of a writ of error in such a case without the affidavit required by said section 96.

WRIT OF ERROR to the County Court of Bond county; the Hon. JOHN H. WEBB, Judge, presiding.

LANE & COOPER, for plaintiffs in error.

J. H. ALLIO, (FRITZ & HOILES, and A. H. BAER, of counsel,) for defendant in error.

Mr. JUSTICE CARTER announced the opinion of the court:

This is a motion by the defendant in error to dismiss the cause on the ground that an affidavit was not filed with the clerk of the Supreme Court at the time the writ of error was sued out herein, as prescribed by section 96 of the Local Improvement act. This section of the statute has been construed by this court in *Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464, *Lingle* v. *City of Chicago,* 212 id. 512, and *Stone* v. *City of Chicago,* 218 id. 348.

Most of the arguments suggested by plaintiffs in error against this motion have been considered by this court in the cases just cited and disposed of adversely to their contention. It is insisted, however, that in those cases the court considered only the provisions of the Local Improvement act as to writs of error in the confirmation of special assessments, and did not have under consideration section 123, (Hurd's Stat. 1908, chap. 37, par. 213, p. 655,) which provides: "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court, in proceedings for the confirmation of special assessments," etc., and that by this provision, as construed in *City of Bloomington* v. *Reeves,* 177 Ill. 161, *City of Chicago* v. *Hulburt,* 205 id. 346, and *Schafer* v. *Gerbers,* 234 id. 468, a writ of error can be sued out without filing the affidavit provided for in section 96 of the Local Improvement act. We cannot assent to this conclusion. Those cases do not so hold. If that were the law, then the provisions of section 96 as to writs of error would be rendered absolutely nugatory. Said section 96 was passed in 1897, long after said section 123. The two sections do not con-

flict, but additional provisions as to suing out writs of error were inserted in said section 96, and as this law was last passed these provisions must control.

Counsel for plaintiffs in error cite authorities, such as *Kuester* v. *City of Chicago,* 187 Ill. 21, *City of Chicago* v. *Singer,* 202 id. 75, and many other decisions rendered since the Local Improvement act of 1897 was enacted, to show that writs of error have been sued out without the affidavit required by section 96. The question as to the affidavit was not raised or passed upon in any of those cases. It may fairly be assumed, therefore, that the affidavit was filed with the clerk of the Supreme Court, as required by said section. Other decisions cited in support of this point were rendered before the Local Improvement act was enacted, and in still other cases writs of error were sued out to review judgments entered on application for judgment of sale. Necessarily these two last named classes of decisions are not in point.

The contention that section 118 of the present Practice act (Hurd's Stat. 1908, p. 1637,) permits the prosecution of a writ of error without an affidavit, as the question of revenue is involved, cannot be sustained. That section, so far as it applies to this point, is identical with the provision on this question of the old Practice act, and only provides what class of cases may be taken directly to the Supreme Court, without attempting to specify the manner of taking the appeal or suing out the writ of error.

All writs of error to review judgments of confirmation in special assessments, under the Local Improvement act of 1897, must be sued out under and conform to the provisions of section 96 of that act.

The motion of defendant in error to dismiss this petition must be sustained and the writ of error dismissed.

*Writ dismissed.*