(No. 12314.—Writ dismissed.)

Ruth McGinnis, Plaintiff in Error, *vs.* Thomas McGinnis *et al.* Defendants in Error.

*Opinion filed October 27, 1919.*

1. Appeals and errors—*appellate jurisdiction of the Supreme Court is within control of the General Assembly, except in certain cases.* The constitution gives to the Supreme Court original jurisdiction in certain classes of cases and appellate jurisdiction in all other cases, and the appellate jurisdiction, except in criminal cases and cases involving a franchise or freehold or the validity of a statute, is within the control of the General Assembly, subject only to constitutional restrictions.

2. Same—*section 121 of Practice act, as to right of review, is not unconstitutional.* Section 121 of the Practice act, providing when Appellate Court judgments shall be final, makes no discrimination between unsuccessful parties, but the constitutional right of review by exercise of legislative authority has been committed in one class of cases to the Appellate Court and in another class to the Supreme Court, and the statute is not subject to any constitutional objection.

3. Same—*proviso to section 121 of Practice act applies to chancery cases.* The words *"ex contractu"* and "sounding in damages," used in the proviso to section 121 of the Practice act, making the Appellate Court's judgment final in such cases unless for more than $1000, are not used in a technical sense; and the proviso applies also to chancery cases where the object of the suit is the recovery of money and no other separate relief is sought.

4. Same—*when jurisdiction of Supreme Court is not determined by amount of judgment.* If the purpose of the suit is not to recover money or property but for other relief, such as enjoining the levy upon and sale of property under execution or to remove a cloud from title for the protection of the owner, the jurisdiction of the Supreme Court, under section 121 of the Practice act, is not determined by the amount of the judgment.

5. Same—*when proviso to section 121 of Practice act applies although bill seeks to remove fraudulent conveyance.* A bill seeking to remove an alleged fraudulent conveyance for the sole purpose of subjecting the property conveyed to the lien of a judgment is a suit solely for the recovery of money, and if the bill is dismissed for want of equity and the Appellate Court affirms the decree the proviso to section 121 of the Practice act applies and the Supreme Court has no jurisdiction to grant a petition for a writ of *certiorari.*

Writ of Error to the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding.

Vincent D. Wyman, Harry C. Kinne, and Charles E. Carpenter, for plaintiff in error.

Edward H. Morris, for defendants in error Walter H. McDonald and Alta McDonald.

Mr. Justice Cartwright delivered the opinion of the court:

The plaintiff in error, Ruth McGinnis, presented to this court her petition for a writ of *certiorari* to bring to the court the record of a judgment of the Appellate Court for the First District affirming a decree of the superior court of Cook county. There was no answer to the petition and no suggestion concerning the jurisdiction of the court to award the writ and the petition was granted. Errors having been assigned on the record, the defendants in error Walter H. McDonald and Alta McDonald appeared and entered their motion to dismiss the writ of error for want of jurisdiction and the motion was reserved to the hearing.

The plaintiff in error, Ruth McGinnis, filed her bill of complaint in the superior court of Cook county against Walter H. McDonald, Alta McDonald and Thomas Mc-Ginnis, alleging that on March 8, 1915, she recovered a judgment against McGinnis in the circuit court of the city of St. Louis, Missouri, for $13,434.95; that on June 14, 1915, McGinnis fraudulently and without any consideration made and executed a purported assignment of all interest in two parcels of real estate in Chicago to Walter H. Mc-Donald for the purpose of hindering and delaying the plaintiff in error in securing satisfaction of her judgment and McDonald well knew the purpose of the assignment; that

289 — 39

on June 19, 1915, she commenced her action in debt against McGinnis in the superior court of Cook county to recover the amount of her judgment and sued out a writ of attachment in aid of her action; that the writ was levied on the interest of McGinnis in three parcels of real estate in which he was the owner of a leasehold estate, including the two parcels in question; that she recovered judgment in the superior court on September 22, 1915, for $13,681.25 and costs, and that a special execution was issued commanding the sheriff to make the amount of the judgment out of the property attached. The prayer of the bill was that the purported assignments of the leases be declared null and void against the lien of plaintiff in error on the premises and should be removed therefrom. The superior court dismissed the bill for want of equity and plaintiff in error appealed to the Appellate Court. In that court the trustee in bankruptcy of Thomas McGinnis was substituted and the Appellate Court affirmed the decree.

Section 121 of the Practice act makes a judgment of an Appellate Court final unless such court shall grant a certificate of importance and an appeal to this court, or this court shall require, by *certiorari* or otherwise, the case to be certified to this court, with a proviso that in actions *ex contractu* (exclusive of actions involving a penalty) and in all cases sounding in damages, the judgment, exclusive of costs, shall be more than $1000.

In answer to the motion to dismiss the writ of error counsel for plaintiff in error contend that the proviso limiting a right of review by petition for *certiorari* invades constitutional rights and is therefore void; that it violates section 22 of article 4 by conferring a special privilege on unsuccessful defendants which is denied to unsuccessful complainants; that it contravenes section 19 of article 2 by denying a certain remedy in the laws for all injuries and wrongs which one may sustain in his person, property or reputation; that it denies to all suitors the equal pro-

tection of the laws, and therefore violates the fourteenth amendment to the Federal constitution, and that it violates the due process of law provision of the State constitution. The constitution gives to this court original jurisdiction in certain classes of cases and appellate jurisdiction in all other cases, and the appellate jurisdiction, except in criminal cases and cases involving a franchise or freehold or the validity of the statute, is within the control of the General Assembly, subject only to constitutional restrictions. In exercising legislative authority, by section 121 of the Practice act no discrimination between parties has been made, but the right of review by this court has been committed in one class of cases to the Appellate Court and in another to this court. The statute is not subject to any constitutional objection.

Section 121 is found in the act regulating practice and procedure in proceedings at law, but it being plainly apparent that the legislative intention, where the object of a suit was merely the recovery of money, was to deny jurisdiction to grant a writ of *certiorari* unless the judgment or decree was for more than $1000, it has been held that the words *"ex contractu"* and "sounding in damages" were not used in any technical sense and technical rules have no application. It has therefore been uniformly held that the proviso applies to chancery cases, such as foreclosures, divorce, separate maintenance, mechanics' liens, creditors' bills, accountings, damages on dissolution of an injunction, claims against the estates of deceased persons and bills of interpleader, where the object of the suit was the recovery of money and no other separate and independent relief was sought. (*Lansingh* v. *Dempster*, 255 Ill. 161; *Barber* v. *Estate of Keiser*, 279 id. 287; *Dime Savings and Trust Co.* v. *Watson*, 283 id. 276.) In most of these cases there may be no personal liability whatever but the charge is against the property, which may be relieved of the charge by payment of the money, so that, in effect, the purpose

of the suit is to recover money. If the purpose of the suit is not to recover money or property but for other relief, such as enjoining the levy upon and sale of property under execution or to remove a cloud from title for the protection of the owner, the jurisdiction is not determined by the amount of the judgment. (*Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342; *Farmers' Nat. Bank* v. *Sperling,* 113 id. 273; *Green* v. *Goff,* 153 id. 534; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369; *Lang* v. *Hedenberg,* 277 id. 368.) The bill of the plaintiff in error sought to remove an alleged fraudulent conveyance, but if removed the property would merely be subject to the lien of her judgment, and it was purely and solely for the recovery of money.

The writ of error is dismissed.          *Writ dismissed.*