(No. 15330.—Judgment affirmed.)

JOHN BAGDONAS *et al.* Plaintiffs in Error, *vs.* THE LIBERTY LAND AND INVESTMENT COMPANY *et al.* Defendants in Error.

*Opinion filed June 20, 1923.*

1. APPEALS AND ERRORS—*judgment of Appellate Court on appeal from interlocutory order cannot be reviewed on merits.* A judgment of the Appellate Court, under section 123 of the Practice act, which provides for an appeal from an interlocutory order for the appointment of a receiver, is final, and is not reviewable in the Supreme Court on assignments of error affecting the merits.

2. SAME—*jurisdiction of Supreme Court where validity of statute is involved is conferred by constitution.* The jurisdiction of the Supreme Court to review judgments of the Appellate Court where the validity of a statute is involved is conferred by section 11 of article 6 of the constitution and is not governed by the Practice act.

3. SAME—*when constitutional question is not waived by taking case to Appellate Court.* On appeal to the Appellate Court, under section 123 of the Practice act, to review an interlocutory order, the constitutionality of said statute may be questioned for the first time in the Appellate Court, and its judgment may be reviewed in the Supreme Court on writ of error, as the Appellate Court may pass on the constitutionality of an act affecting its jurisdiction.

4. CONSTITUTIONAL LAW—*the legislature may classify parties entitled to an appeal.* The right of appeal is not essential to due process of law, and the legislature may give a right of review to

one party and deny it to another where there is a rational difference justifying the classification, or it may give one party two hearings before his rights are determined and allow a party of another class only one hearing.

5. SAME—*when legislative classification is not arbitrary.* The legislature is not required to be scientific, logical or consistent in its classifications for purposes of legislation provided the power to make classifications is not arbitrarily exercised, and a distinction in legislation is not arbitrary if any state of facts can reasonably be conceived that would sustain it, and the existence of such a state of facts at the time the law was enacted must be assumed.

6. SAME—*burden is on objector to prove that statute makes unlawful classification.* The burden rests upon the party attacking the classification in a law to show that it is arbitrary and does not rest upon a reasonable basis.

7. CORPORATIONS—*power to appoint receiver should be exercised with caution.* While courts of equity have power to appoint a receiver as an officer of the court, such power is in derogation of recognized rights in the law of property and should be exercised only for the benefit of creditors or other interested parties and only when the necessity therefor clearly appears.

8. PRACTICE—*section 123 of Practice act, allowing appeals from interlocutory orders, does not make unlawful classification.* Section 123 of the Practice act, providing that an appeal may be taken to the Appellate Court from an interlocutory decree or order appointing a receiver, does not make an unlawful classification by allowing the appeal when the order is entered and making no provision for an appeal by the applicant should the order be refused.

9. SAME—*provisions of section 123 of Practice act are within the title.* The provisions of section 123 of the Practice act for appeals to the Appellate Court from interlocutory decrees or orders of the trial court are within the scope of the title óf the act.

10. SAME—*clerk cannot fix amount of bond for appeal under section 123 of Practice act.* The bond provided in section 123 of the Practice act for an appeal to the Appellate Court from an interlocutory order is a bond for costs and the amount of it is measured by the costs of the appeal; and said section does not give judicial power to the clerk of the court by authorizing him to fix and approve appeal bonds, but merely gives him authority to judge the sufficiency of the bonds, which is a ministerial power.

11. OFFICES—*acts which require discretion are not necessarily judicial.* All officers exercise some discretion in the discharge of their duties, but not all acts of discretion are the exercise of judicial powers.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

HAROLD O. MULKS, for plaintiffs in error.

MOSES, ROSENTHAL & KENNEDY, (HIRSCH E. SOBLE, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, as stockholders of the Liberty Land and Investment Company, on behalf of themselves and all other stockholders, filed their bill in the circuit court of Cook county against said company and others, defendants in error herein, praying for a writ of injunction against the defendants in error commanding that they refrain from misappropriating the funds of the company in the manner alleged in the bill of complaint. The bill also prayed that a receiver be appointed for the company. On motion of the solicitor for the complainants, the chancellor, without notice to the defendants, entered an interlocutory order appointing a receiver *pendente lite*. Defendants in error thereupon appealed to the Appellate Court for the First District by filing their appeal bond in the sum of $250 with the clerk of the circuit court, who approved the same, as provided in section 123 of the Practice act. The plaintiffs in error here did not join in errors assigned by the defendants in error as appellants in the Appellate Court, but upon the convening of that court moved to dismiss the appeal for the reason, among others assigned, that section 123 of the Practice act is in violation of section 22 of article 4 of the constitution of Illinois and of the fourteenth amendment to the constitution of the United States, in that said section confers a special right and privilege on those against whom a receiver is appointed by allowing such parties an appeal, while an appeal is not allowed to the applicant for appoint-

ment of a receiver when the same is denied. The Appellate Court overruled the motion to dismiss the appeal, and the plaintiffs in error in this court took no further action in the proceedings had before the Appellate Court. That court reversed the order appointing a receiver, upon the ground that the averments of the bill were not sufficient to warrant such appointment. Thereupon the complainants sued out of this court a writ of error to the Appellate Court, assigning as error the refusal of the Appellate Court to dismiss defendants in error's appeal.

Plaintiffs in error's contentions are that section 123 of the Practice act is unconstitutional, and the Appellate Court was without jurisdiction to review the order appointing a receiver. Defendants in error have filed in this court a motion to dismiss the writ of error for want of jurisdiction in this court to review the order of the Appellate Court.

Section 123 of the Practice act, so far as applicable here, provides that appeals may be taken in the manner therein prescribed from a decree or order appointing a receiver, to the Appellate Court of the district in which the appointing court is located. The party taking the appeal shall give bond, to be approved by the clerk of the court below, to secure costs in the Appellate Court. That section also provides that upon filing the record in the Appellate Court the same shall be docketed at once and hearing thereon shall take precedence over other causes. The Appellate Court may affirm, modify or reverse such interlocutory order or decree and direct that such proceedings be had in the court below as justice may require. Attorney's fees may be allowed, to be taxed as costs in case the appeal is dismissed. No appeal shall lie or writ of error be prosecuted from the order entered by the Appellate Court on any such appeal.

Plaintiffs in error assign numerous errors on the record, but as section 123 of the Practice act makes the judgment of the Appellate Court final, such judgment is not reviewable in this court on assignments of error affecting the merits.

Plaintiffs in error attack the validity of section 123 of the Practice act on the following grounds: First, that it violates section 22 of article 4 of the constitution, in that it grants special rights, privileges and immunities to the defendant in an application for appointment of a receiver over his property by giving him a right of review while such right is denied the complainant, and the provision of said section of the constitution prohibiting the passage of a special law where a general law would be applicable; second, that it violates section 13 of article 4 of the constitution in that certain provisions in section 123 of the act are not expressed in the title thereof; and third, that it confers judicial power upon the clerk of the court by permitting him to fix and approve the bond on appeal.

Defendants in error filed their motion to dismiss the writ of error here, urging that this court has no jurisdiction, for the reason that section 91 of the Practice act authorizes writs of error only in cases of final judgments of inferior courts, and that since this is an interlocutory order, the statute confers no jurisdiction on this court to review the decisions of the Appellate Court; that the whole matter of the review of an interlocutory order being statutory, this court is bound by the statute.

Section 11 of article 6 of the constitution, concerning the organization of Appellate Courts, provides that appeals and writs of error shall lie from the Appellate to the Supreme Court in all criminal cases and cases in which a franchise or freehold or the validity of a statute may be involved, and in such other cases as may be provided by law. It will thus be seen that the jurisdiction of this court to review judgments of the Appellate Court in cases where the validity of a statute is involved is conferred not by the Practice act but by the constitution.

Defendants in error argue, however, that under the decisions of this court plaintiffs in error by failing to move to transfer the cause from the Appellate Court to this court

have waived the constitutional question. The cases cited in support of this contention are those in which constitutional objections were assigned on the judgment or decree of the trial court, and it is the uniform holding of this court in such cases that the appellant, by seeking a review in the Appellate Court, waives any constitutional question. This is not such a case. Here no constitutional question was raised in the trial court but appeared for the first time in the Appellate Court and was a challenge to the jurisdiction of that court on constitutional grounds. No reason is perceived why the Appellate Court, in a case where a constitutional question affecting the jurisdiction of that court is first raised there, is not authorized to pass upon the constitutionality of the act attacked, as a trial court is allowed to do. By section 11 of article 6 of the constitution its judgment on such question is subject to review by a writ of error in this court. The Appellate Court had power to pass upon the constitutional question and a review of its decision on such question is rightly before us on writ of error. The motion to dismiss the writ of error will therefore be denied.

The effect of the decision of the Appellate Court is to uphold the validity of section 123 of the Practice act. We come then to consider plaintiffs in error's first contention concerning the invalidity of that section, which is, that it is void because in violation of section 22 of article 4 of the constitution. Whether or not the legislature has power to pass an act giving the right of review to one party and denying it to another in the same proceeding depends upon whether or not there exists a rational difference in the classification of such parties as made by the act. The right of appeal is not essential to due process of law. (*People* v. *Omen*, 290 Ill. 59; *Saylor* v. *Duel*, 236 id. 429; *Lott* v. *Pittman*, 243 U. S. 588; *Reetz* v. *Michigan*, 188 id. 505.) The legislature has power to make classifications in judicial or administrative proceedings, and if such classification is based on a rational difference, may, in so doing, give to a

party belonging to one class two hearings before his rights are determined and to one belonging to a different class one hearing, only. (*Saylor* v. *Duel, supra; Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Backus,* 154 U. S. 421.) In *United States* v. *Heinze,* 218 U. S. 532, the contention was made that a statute enacted by Congress giving to the government the right of appeal as to certain questions before trial and to the defendant in such suit by the government the right of review only at the end of the trial, was void because it contravened the due process clause of the Federal constitution and denied an equal protection of the laws. It was there held that an appeal is not essential to due process of law; that Congress, while it has no power to discriminate as to persons of the same class, has power to make a reasonable classification, and that the act in question came within that power. A similar question was before this court in *McGinnis* v. *McGinnis,* 289 Ill. 608, where it was urged that section 121 of the Practice act was void as denying equal protection of the laws, in that it gave a right of review by *certiorari* in this court to a defendant against whom a judgment in excess of $1000 had been entered in the trial court and affirmed by the Appellate Court in certain classes of cases, but denied the right to the plaintiff in the suit where a judgment in bar of his claim had been affirmed. In that case it was held that the constitution gave the legislature the right to control appellate jurisdiction except in criminal cases and those involving a franchise, freehold or the validity of a statute, and that section 121 creates no discrimination between the parties of the same class and that the classification of the section was based on a rational difference. If the classification in section 123 is based on a rational difference as to the parties classified, the act is not subject to the objection urged.

The legislature is not required to be scientific, logical or consistent in its classifications. In order to authorize a judicial review of such classifications it must clearly appear that

there is no fair reason for the law that would not require with equal force its extension to others not included. The legislature may determine upon what differences a distinction may be made for the purpose of statutory classification, between provisions otherwise having resemblance, if such power is not arbitrarily exercised and the distinction has a reasonable basis. (*Stewart* v. *Brady,* 300 Ill. 425; *International Harvester Co.* v. *Missouri,* 234 U. S. 199.) The burden rests upon one attacking the classification in a law to show that it does not rest upon a reasonable basis but that it is arbitrary. A distinction in legislation is not arbitrary if any state of facts can reasonably be conceived that would sustain it, and the existence of such a state of facts at the time the law was enacted must be assumed. *Lindsley* v. *Natural Carbonic Gas Co.* 220 U. S. 61; *Stewart* v. *Brady, supra; Louisville, New Albany and Chicago Railway Co.* v. *Wallace,* 136 Ill. 87.

Is there a reasonable basis for the classification made by section 123 of the Practice act? Application for the appointment of a receiver is addressed to the sound legal discretion of the court. It is a high and extraordinary remedy. The power is not arbitrary and should be exercised with caution and only where the court is satisfied there is imminent danger of loss if it is not exercised. The general rule is that the applicant must show, first, that he has a clear right to the property itself or has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and second, that the possession of the property by the defendant was obtained by fraud, or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct or insolvency. *Baker* v. *Backus,* 32 Ill. 79; *Turnbull* v. *Prentiss Lumber Co.* 55 Mich. 387; *Conro* v. *Gray,* 4 How. Pr. 166; *Schlecht's Appeal,* 60 Pa. 172; *Podmore* v. *Gunning,* 9 Eng. Ch. 485; 34 Cyc. 19.

It is fundamental in the law of property rights that the legal owner of property is entitled to the possession thereof, and while it is equally well recognized that courts of equity have power to appoint a receiver as an officer of the court and thereby deprive the legal owner of such possession, such power is in derogation of such recognized right under the law of property and is a discretion to be exercised for the benefit of creditors or other interested parties only when the necessity therefor clearly appears. It seems clear that the legislature in enacting section 123 had in mind the difference existing between the situation of one who has had his property taken from him by an order of court and one to whom such order has been denied. Though the chancellor deny an application for an interlocutory order appointing a receiver the applicant may proceed to a final decree on such application, and if on final hearing the same is denied he has the right of review of such decree, as in the case of any other final order or decree. An order appointing a receiver is a drastic order, and it is evident that the legislature desired to subject such order to the scrutiny of a court of review and to surround its issuance with the safeguards of review on appeal. The denial of such an order, while it may, as is here argued, affect the question of actual, complete recovery of the applicant's claim, is not such drastic action on the part of the court as the legislature deemed advisable to place under the review of an appellate court. The situations of the parties are not the same, and it cannot be said that there is no fair reason for extending to the defendant a right of appeal denied to the applicant. Whether the policy of such an act is sound or otherwise is a matter with which the court has nothing to do. A reasonable basis for the classification exists here, and the act is not subject to plaintiffs in error's first objection.

The second objection to section 123 is, that certain of its provisions are broader than the scope of the title of the act. When originally enacted, in 1887, section 123 was an

independent act under the title, "An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers." In 1907 the Practice act was adopted. It by express language repealed the act of 1887, and that act became section 123 of the Practice act. It is therefore a part of the Practice act and not of the Interlocutory Appeals act of 1887, and need only be read to show that it is within the scope of the title of the Practice act.

The third objection to section 123 is, that it gives judicial powers to the clerk of the court by authorizing him to fix and approve appeal bonds. The section provides that the bond required shall be to secure costs in the Appellate Court. It makes no provision as to the amount of the bond but designates it a bond for costs, and in that regard the act is similar to the provisions of the statute regarding security for costs. The bond is fixed by law, and while in this case the clerk attempted to fix the bond in the sum of $250, the measure of the debt and damages on such a bond is not to be governed by what the clerk puts in the bond but is measured by the costs in the Appellate Court. The clerk adjudicates no rights. All officers exercise some discretion in the discharge of their duties, but not all acts of discretion are the exercise of judicial powers. (*Owners of Lands* v. *People,* 113 Ill. 296.) The power to judge the sufficiency of bonds has always been recognized in this State as a ministerial power. *Milstead* v. *Boone,* 301 Ill. 213; *Hawthorn* v. *People,* 109 id. 302.

Section 123 is not open to the objections urged. As we have seen, this is the only question for review here. That section makes the determination of the Appellate Court on the merits a final hearing.

The Appellate Court had jurisdiction in the case, and its judgment will be affirmed.    *Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting.