(No. 22957.—▮▮▮▮▮▮▮▮)

THE CITY OF BREESE, Appellee, *vs.* AMELIA ABEL *et al.*
Appellants.

*Opinion filed March 11, 1935.*

WARNOCK, WILLIAMSON & BURROUGHS, for appellants.

MURRAY & NIEHOFF, for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

The city of Breese instituted a proceeding in the county court of Clinton county under the Local Improvement act for a special assessment and to condemn certain property for the construction of a sanitary sewer system and disposal plant. The legal objections were overruled, and on September 18, 1934, after a jury trial on the question of damages for land taken, the court entered an order confirming the assessment roll and rendering judgment. On October 4 about 200 objectors to the proceeding, none of whom was an owner of land taken, prayed an appeal to this court from the confirmation judgment. The appeal was allowed upon the filing and approval of a bond in the sum of $50,000 by October 29. The bill of exceptions and record, or either of them, were ordered to be filed within ninety days. No

bond, bill of exceptions or record was filed. On December 13 the objectors, appellants here, served upon the city of Breese a notice of appeal under the Civil Practice act and filed a copy of the notice, with proof of service, in the trial court. On December 18 appellee filed an election under the provisions of the Local Improvement act to proceed with the work notwithstanding the appeal.

On February 14, 1935, under limited appearance, appellee filed in this court a short record of the proceedings and a motion to docket this cause. The motion and supporting affidavit of the mayor set out that the improvement is to be constructed under an agreement of the United States, through the Federal Emergency Administration of Public Works, to purchase the improvement bonds and donate to the city thirty per cent of the cost of the project; that the Federal loan and grant will not be released until said appeal is disposed of; that the construction was commenced but must cease unless said funds are released, and that public interests require an early adjudication of the appeal herein. The motion prays that the cause be docketed so that appellee may file its motion to dismiss said appeal. Pursuant to leave granted the cause was docketed in this court, and appellee thereupon filed its motion to dismiss the appeal. Suggestions in support of and in opposition to the motion have been filed by the respective parties.

The question presented is whether appeals in local improvement proceedings are to be prosecuted under the provisions of the Civil Practice act of 1933 or under prior special statutes relating thereto. It is appellee's position that notwithstanding the Civil Practice act the provisions of section 95 of the Local Improvement act and section 123 of the County Courts act, relating to bond on appeal in such proceedings, are still in force and unaffected by the Civil Practice act.

Prior to the adoption of the Civil Practice act sections 92 and 100 of the "Practice act" provided that appeals should

be prayed and allowed at the term at which the judgment, order or decree appealed from was rendered, and section 92 provided for the filing and approval of an appeal bond within the prescribed time.

Section 74 of the Civil Practice act (Cahill's Stat. 1933, chap. 110, par. 202,) provides: "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error." The form, time and manner of service of such notice and the subsequent steps are prescribed by the act and the rules of this court. Section 77 of the same act provides: "Leave to appeal shall first be obtained only where such leave is expressly required by law." The act does not require an appeal bond except where a *supersedeas* is desired.

Appellants claim to have taken the steps required by the Civil Practice act to effect an appeal, and state that the record will be filed in this court not later than March 11 under the requirements of Rule 36 of this court. This claim is not controverted, but appellee insists that such steps are futile, because the Civil Practice act by its terms does not govern local improvement proceedings, and the appeal bond should have been filed by October 29, 1934.

Section 1 of the Civil Practice act (Cahill's Stat. 1933, chap. 110, par. 129,) is as follows: "The provisions of this act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in attachment, ejectment, eminent domain, * * * or other actions in which the procedure is regulated by special statutes." Subsection 2 of section 31 of that act provides: "Proccedings

in attachment, ejectment, eminent domain * * * or other actions in which the procedure is regulated by special statutes, shall be in accordance with the statutes dealing therewith."

Rule 2 of this court provides: "In the actions referred to by section 1 and sub-section 2 of section 31 of the Civil Practice act, the separate statutes shall control, to the extent to which they regulate procedure in such actions, but the Civil Practice act shall apply to matters of procedure not so regulated by separate statutes."

Section 95 of the Local Improvement act (Cahill's Stat. 1933, chap. 24, par. 227,) provides: "Appeals from final judgments or orders of any court made in the proceedings provided for by this act may be taken to the Supreme Court of this State, in the manner provided by law, by any of the owners or parties interested in lands taken, damaged or assessed therein, and the court may allow such an appeal to be taken jointly and upon a joint bond, or severally, and upon several bonds, as may be specified in the order allowing the same."

Section 122 of the County Courts act (Cahill's Stat. 1933, chap. 37, par. 321,) provides: "Appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties in all matters, except as provided in the following section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law." Section 123 of that act provides: "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court, or Appellate Court, in proceedings for the confirmation of special assessments. * * * Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from and writs of error to circuit courts."

Any action in which the procedure is regulated by special statute is expressly excluded from the terms of the Civil Practice act. Under Rule 2 of this court the procedure in such actions is controlled by the Civil Practice act only to such extent as not regulated by the separate statutes prescribing such procedure. The Local Improvement act is a complete code of procedure in local improvement proceedings. It prescribes in detail all the steps to be taken preliminary to the filing of a petition for the assessment or condemnation of property, the contents of the petition, the manner of securing jurisdiction of the persons and property of all defendants, the proceedings upon the hearing, the entering of judgment, and the appeal. It further provides for letting contracts, the issue of vouchers and bonds, the proceedings upon the filing of a certificate of cost and completion, the return to the county collector of delinquent assessments, and other proceedings necessary to carry out the intent and purpose of the act. In addition to the provisions of the Local Improvement act for bond on appeal, such bond in local improvement proceedings is specifically prescribed by the County Courts act.

The general rule that a statute which is a complete revision of the whole subject matter is, in effect, a legislative declaration that whatever is embraced in the new statute shall prevail and that whatever is excluded is discarded, manifestly has no application here. The provision for an appeal bond in local improvement proceedings is regulated by special statute and is clearly within the exception of the Civil Practice act and Rule 2 of this court. In *City of Greenville* v. *Miller*, 239 Ill. 323, we held that writs of error to review special assessment proceedings were governed by the provisions of section 96 of the Local Improvement act and not by the Practice act.

Having failed to comply with the order of court concerning the filing and approval of a bond within the time prescribed by the order appellants did not perfect their ap-

peal as required by law and it must be dismissed. Appellee was within its rights, under the statute, in electing to proceed with the improvement.

In view of our conclusion it is unnecessary to consider other questions raised and discussed in the suggestions of the respective parties.

The appeal is dismissed. *Appeal dismissed.*