This is a motion by appellees to dismiss this appeal or in the alternative for extension of time to file briefs. The ground for dismissal urged is that the appeal was not perfected within sixty days after the entry of the order or judgment of the trial court, as required by section 69 of the Public Utilities act governing appeals from orders of the Illinois Commerce Commission. Ill. Rev. Stat. 1939, chap. 111 2/3, par. 73. *Page 36 
Appellant replies that the Civil Practice act has superseded section 69 of the Utilities act, and that by section 76 (1) of the Civil Practice act, (Ill. Rev. Stat. 1939, chap. 110, par. 200,) a period of ninety days from the entry of the judgment or order complained of, is provided for appeal. Both parties have briefed and argued the points raised on this motion.
Section 69 of the Public Utilities act of 1921, as that act was amended in 1935, (Laws of 1935, p. 1109,) provides that appeals from final orders and judgments entered by circuit courts or the superior court in review of rules, regulations, orders or decisions of the commission, may be taken directly to this court "within sixty days after the entry of the order or judgment of said circuit or superior court, and shall be governed by the rules applying to other civil cases appealed to said Supreme Court, except that formal pleadings shall not be required." Prior to the amendment in 1935, section 69 provided that such appeals may be taken to this court "within sixty days after the service of a copy of the order or judgment of said circuit or superior court, and shall be governed by the rules applying to chancery cases appealed to said Supreme Court, except that formal pleadings shall not be required." Ill. Rev. Stat. 1933, chap. 111 2/3, par. 73.
The Civil Practice act was approved on June 23, 1933, and by its terms went into effect on January 1, 1934. By section 1 of that act it was made applicable "to all civil proceedings both at law and in equity * * * except in attachment * * * replevin, or other actions in which the procedure is regulated by special statutes."
The Civil Practice act does not purport to amend section 69 of the Public Utilities act. That section contains the only provision in the statutes specifying the court of review to which appeals from the orders or judgments of the circuit or superior court, reviewing orders of the Commerce Commission, shall be taken, and it prescribes the *Page 37 
time within which such appeal may be taken. It must, therefore, be considered as within those actions described in section 1 of the Civil Practice act as "actions in which the procedure is regulated by special statutes."
This construction has been given the Civil Practice act in local improvement cases, (City of Breese v. Abel, 359 Ill. 579,) in collectors' proceedings to collect delinquent real estate taxes, (People v. Cleveland, Cincinnati, Chicago and St. LouisRailway Co. 360 Ill. 180,) and other cases, as the procedure in such cases is governed by special statutes.
Appellants say that this court in Illinois Central Railroad Co.
v. Commerce Com. 359 Ill. 563, held that appeals from judgments and orders of circuit or superior courts are to be brought in accordance with the provisions of the Civil Practice act in cases of this kind, and that the effect of that decision was to hold that that act superseded section 69 of the Public Utilities act. Were this a correct construction of the holding in that case, the fact remains that the amendment in 1935 of section 69, which made some changes in the procedure theretofore prescribed by that section, but which reenacted the sixty-day limit for appeal, must be held to have superseded the Civil Practice act in that regard, since it was enacted after that act. People v. Baltimore and OhioSouthwestern Railroad Co. 366 Ill. 318; People v. IllinoisCentral Railroad Co. 295 id. 408; Huston v. Newgass, 228 id. 575.
In the Illinois Central case, two appeals were perfected, — "one in accordance with the procedure in effect prior to January 1, 1934, and the other in compliance with the Civil Practice act in effect on and after that date." It was held that the appeal which "appears to have been made in conformity with the provisions of the Civil Practice act" conferred jurisdiction on this court. The question of the limitation as to time in which to take the appeal was not called to the attention of the court, as, in any event, the court had jurisdiction of one of the appeals, both of which *Page 38 
were taken by the same party. That case cannot be considered as controlling, since other decisions of this court, as cited, where the specific question was raised, have held the Civil Practice act inapplicable in cases in which the procedure is regulated by special statutes.
Since this proceeding is regulated by section 69 of the Public Utilities act as to the period during which an appeal may be taken, and appellant concedes its appeal was not taken within sixty days from the entry of the order or judgment of the circuit court, as required by that section, this court is without jurisdiction to consider this appeal. Appellees' motion is allowed, and the appeal dismissed.
Appeal dismissed.